SMITH ET AL.
vs.
VANHILLE ET AL.

SMITH ET AL. vs. VANHILLE ET AL.

APPEAL FROM THE COURT OF THE FIFTH JUDICIAL DISTRICT, FOR THE PARISH OF ST. LANDRY, THE JUDGE THEREOF PRESIDING,

When the appellee 'has obtained the dismissal of the appeal without a decision of the case upon the merits, the appellant still has the right of again appealing, and having the judgment of the inferior court reviewed, if he claims it within the year.

This case came up on a second appeal. It was dismissed at the last term of this court, on the ground of the insufficiency of the appeal bond. See 10 *Louisiana Reports*, 252.

The judgment appealed from was rendered the 30th May, 1836, and the present appeal was granted the 13th May, 1837.

A motion was filed the first day of the court, by the counsel for the defendants and appellees, to dismiss the appeal, because two appeals should be taken in the same case.

This is an action instituted by the heirs and legal representatives of Charles Smith, deceased, to recover from B. Vanhille and O. Guidry, syndics of the creditors of Louis Guidry, the sum of three thousand six hundred and thirty-five dollars, which was the price of certain property, pur-

chased by the insolvent, at the probate sale of Charles Smith's estate, in 1821, and which the plaintiffs allege has never been paid.

The defendants admitted their syndicship, together with one Luke Lesassier, and the latter being an attorney at law, was entrusted with and attended to the principal part of the business. But that they have caused a final tableau of settlement and distribution to be made, in which they have accounted for all the property and funds of the insolvent, and on which the plaintiffs claim is placed, *allowed and paid in full ;* and a judgment of homolgation pronounced, which they now plead as *rem judicatem.*

The tableau was produced in evidence, and fully supported the averments of the defendants.

There was judgment for the defendants, and the plaintiffs appealed.

*Lewis* and *Bowen,* for the defendants and appellees, contended : 1st. That the appeal should be dismissed, because the same suit was before the court at its last term, on an appeal, and was dismissed. The law does not allow two appeals in the same case, and by the same party. *Code of Practice,* 564–5, 570.

2. The dismissal of the former appeal in this suit, was equivalent to an affirmance of the judgment appealed from. It became irrevocable and no subsequent appeal can be taken. *Code of Practice,* 588–9–90–94.

3. The appellant may withdraw his appeal before the appellee is cited, on motion to the lower court ; and in that case he may renew it, which is the only instance specified. But after citation it cannot be withdrawn, or renewed. *Code of Practice,* 594–5, 901.

4. The appellants have not taken the steps required by law to renew their appeal, even if the right be conceded ; and the present suit is not in such a situation as to authorize a renewal of the appeal, which was at an end by the judgment of dismissal.

5. The present appeal was granted by the judge of the sixth judicial district, which shows that the appellants have

attempted to renew their former appeal, without first having obtained leave of the court of the fifth district, in which the cause was tried and judgment rendered. Leave from the judge who decided the cause, should have been first obtained, to allow the appellants to withdraw their former appeal.

*Simon*, for the appellants, argued the question in support of the second appeal, for the original counsel who was absent.

1. The appellees contend, that two appeals cannot be taken successively in the same case. The appeal was dismissed in this case at the last term, on account of the insufficiency of the appeal bond ; had it been sufficient the appeal would have been suspensive. *Code of Practice*, 578.

2. If the appellants lost the benefit of their appeal without a decision on the merits, by dismissing it, how can they be deprived of the right of appealing again within the year ?. The right of appeal is absolute during the year, when the case has never been decided on the merits, or the appeal abandoned. *Code of Practice*, 593.

3. At the last term the appeal was not withdrawn but simply dismissed, as if it had never been taken. The article 594, of the Code of Practice, is certainly not applicable. See *Code of Practice*, 901.

*Martin, J.*, delivered the opinion of the court.

The question whether a new appeal may be resorted to, when the appellee has obtained the dismissal of the former one, is now, for the first time, presented for our decision.

The right of appeal is constitutional, and it is neither our duty nor inclination to impede or obstruct its exercise. In the courts of the first instance, the dismissal of a suit, even by the plaintiff, is not a bar to a new one for the same cause of action. Reasoning by analogy, the conclusions should, perhaps, be the same in appellate courts. The Code of Practice, however, prohibits a second appeal when the appellant, by his own act, abandons the first one. *Code of Practice*, 594.

There is an apparent good reason for this provision. By dismissing a suit in a court of the first instance, the plaintiff obtains the faculty of presenting his claim in a more advantageous light, and of offering evidence which it is not, or may not, be in his power to produce when his case is called for trial. It is not so on an appeal; the dismissal of which does not authorize any amendment of the pleadings, or the introduction of new evidence.

WESTERN DIST.
*Sept.* 1837.

SMITH ET AL.
*vs.*
VANHILLE ET AL.

If the appellant has neglected to give a sufficient bond, or omitted any formality required by law, the appellee has a right to demand the dismissal of the appeal. This, however, he is not *required* to do unless he chooses; and it is for him to consider whether his interest be best promoted by proceeding in the appeal, or demanding its dismissal. In the latter case, he subjects his adversary to delay and costs. But we know of no text or principle of law which authorizes us to say that the appellant looses the right of having the judgment of the inferior court reviewed, if he claims it within the year. The appeal is, therefore, maintained.

*When the appellee has obtained the dismissal of the appeal, without a decision of the case upon the merits, the appellant still has the right of again appealing, and having the judgment of the inferior court reviewed, if he claims it within the year.*

On the merits, the appellants, who are syndics of an insolvent estate, had filed a tableau of distribution, showing that the estate surrendered into their hands, had been legally and fully administered; the claims of the plaintiffs were placed thereon, and the tableau showed that every part of the property of the insolvent which was applicable, had been applied to the extinguishment of their debt, whereby the syndics were entitled to their discharge.

The advertisements required by law were published, and judgment of homologation of the tableau and discharge of the defendants and appellees was pronounced, and has become *res judicata.*

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.