## No. 4890.

### DANIEL & JAMES D. EDWARDS vs. EDGAR MARIN.

The proposition is incorrect that if one obtains an order for a suspensive appeal and fails to complete it and to prosecute it he can not afterward take a devolutive appeal.

If one abandons an appeal after the jurisdiction of the appellate court has attached he can not afterward appeal, but a failure to complete the suspensive appeal does not preclude the party from taking a devolutive appeal within the year after the judgment.

In this case, the surety given on the suspensive appeal bond having been declared not good, the appellant was authorized to take a devolutive appeal.

The defendant is a resident of the parish of Plaquemines, and should have been sued at his domicile. The act No. 64 of 1876, which authorizes property to be sequestered, etc., and defendant cited where the property to be sequestered, etc., is found, is not applicable to this case. This suit was instituted in 1872, long before the passage of said law, and can not be affected by it. The court did not have jurisdiction of the case when it was filed, nor when the judgment was rendered.

APPEAL from the Fifth District Court, parish of Orleans. *Cullom, J. Hornor & Benedict*, for plaintiffs and appellees. *Sambola & Ducros*, for defendant and appellant.

## ON MOTION TO DISMISS.

LUDELING, C. J.  A motion to dismiss this appeal has been made on the ground that a suspensive appeal having been granted and the amount of the bond fixed in the order of appeal, and said bond having been given and set aside on account of the worthlessness of the security, and there being nothing of record to show the inability of appellant to give bond for a suspensive appeal, he can not afterward take a devolutive appeal.

The proposition is, that if one obtains an order for a suspensive appeal and fails to complete it and to prosecute it he can not afterward take a devolutive appeal.

We do not understand that to be the law.  If one abandons an appeal after the jurisdiction of the appellate court has attached he can not afterward appeal, but a failure to complete the suspensive appeal does not preclude the party from taking a devolutive appeal within the year after judgment.

In this case the surety given on the suspensive appeal bond having been declared not good, the appellant was authorized to take a devolutive appeal.  2 An. 628, Gibson vs. Selby; 11 La. 382; 15 An. 116.

It is therefore ordered that the motion to dismiss the appeal be overruled.

## ON THE MERITS.

The plaintiff sued the defendant in the parish of Orleans, and, claiming a privilege, sequestered some sugar in the city of New Orleans to secure the payment of his claim.

The defendant urged several defenses.  It is necessary to notice only one of them, to wit: that the court *a qua* was without jurisdiction *ratione personæ*.

The defendant is a resident of the parish of Plaquemines, and should have been sued at his domicile.  C. P. 162; 26 An. 300, 530.  The plaintiff refers the court to the act No. 64 of 1876, which authorizes property to be sequestered, etc., and defendant cited where the property to be sequestered, etc., is found, and thinks that statute controls this case.

This suit was instituted in 1872, long before the passage of said law, and can not be affected by it.  The court did not have jurisdiction of the case when it was filed, nor when the judgment was rendered.  21 An. 755.

It is therefore ordered that the judgment of the lower court be reversed, and that there be judgment in favor of the defendant, rejecting the plaintiff's demands with costs of both courts.