## No. 8019.

PIERRE VERGES VS. FÉLIX GONZALES, SHERIFF, ET AL.

### ON THE MOTION TO DISMISS.

A party, who pays the amount of a judgment against him, by compulsion and under protest, cannot be considered as acquiescing in the judgment and be thereby deprived of his right of appeal. Decision in 29th An. 762, affirmed.

The surety on an injunction bond, though constructively in court, should be notified of the judgment rendered against him, if he filed no answer or actual appearance, and, in default of such notice, he is always in time for a suspensive appeal.

The same surety inasmuch as the case was tried without his appearance and virtually *ex parte*, as to him, is entitled to the maintenance of his appeal even if the Transcript is defective by the fault of the plaintiff in the case, the other appellant.

The failure of an appellant to perfect his suspensive appeal by giving bond within the legal delay, does not deprive him of his right to a devolutive appeal within the year.

In the absence of written evidence in the record, and the assignment of errors being insufficient, the neglect of the appellant to have asked for, and obtained a statement of facts, will cause the dismissal of the appeal.

In a suit by injunction, there being a reconventional demand by the defendant, and the merits of the case being properly put at issue by the pleadings, the defendant, in obtaining the dissolution of the injunction, on the trial in the absence of the plaintiff, is entitled, not merely to a judgment of nonsuit, but to one that should be conclusive between the parties, and if not appealed from, should constitute *res judicata*.

## On the Merits.

It is only in suits by injunction restraining the execution of a money judgment, that the defendant can obtain in the same decree the dissolution of the injunction and damages.

The prayer for general relief would in no case warrant a judgment for damages against the surety on the bond, when none are asked against him.

APPEAL from the Twenty-Fourth Judicial District Court, parish of St. Bernard. *Livaudais*, J.

*John S. Tully* and *Sambola & Ducros* for Defendants and Appellees:

### On The Motion to Dismiss.

First—If the testimony taken on the trial of the case in the lower court has not been reduced to writing, and the record contains no bill of exceptions, or statement of facts, or special verdict, or if the assignment of errors filed in the appellate court is without foundation, the appeal should be dismissed.

Second—When the transcript of appeal does not show a written note of the evidence received on the trial below, the presumption, then, is that the court which rendered the judgment did so on proper and sufficient evidence.

Third—Should the record be incomplete by reason of the omission of any proceeding had, or of any document offered in evidence in the inferior tribunal, and no effort be made by the appellant to supply the omission, the appeal cannot be maintained.

Fourth—A party, who has failed to press his application for a new trial in the court *a qua*, is guilty of laches, and cannot be relieved by the Supreme Court from the consequences of his own remissness and indifference.

Fifth—A court of appeals never does interfere with or control the discretionary power of an inferior one in matters of new trials, except in very clear cases.

### On the Application for Rehearing.

First—No other errors of law appearing on the face of the record can be noticed by the appellate court than those especially embraced in the assignment of errors, and any not so assigned is presumed to be waived. C. P. 897; Minor (Alabama) 11; 7 Pickering (Mass.) 145; 15 Conn. 83; 5 B. Munroe (Kentucky) 340; 6 Dana (Kentucky) 242; 3 Howard (Miss.) 77; 9 Porter (Alabama) 186.

Second—When a judgment appealed from by the surety on an injunction bond is not shown to be unjust on its merits, and the appeal of the principal on the bond is dismissed, the judgment of the lower court thus final as to the latter will become thereby *res judicata* as to the former to all intents and purposes, and the judgment rendered below against the surety should then be affirmed as to him, as a proper course to end a fruitless litigation. 2 N. S. 537; 19 L. 396; 3 An. 589; 10 An. 262, 535; 31 An. 248.

Third—A person, not a party to the suit or judgment, against whom no judgment is asked and who is, however, condemned thereby, can appeal as to any matter personal to himself only to the court who has appellate jurisdiction over the amount to which he may be injured by said judgment, without regard to the amount or value involved as regards his co-appellant.  4 R. 319; 28 An. 324.

### Branch K. Miller for the Surety, Appellant:

#### ON THE MOTION TO DISMISS.

First—Where property is about to be sold under a *fi. fa.* illegally issued, pending a suspensive appeal, and the defendant in execution pays the amount of the writ to prevent the illegality, there is no voluntary execution of or acquiescence in the judgment.  29 An. 762.

Second—The party cast is entitled to notice of judgment, except where he has been cited personally and filed an answer, or where he has appeared and filed an answer.  3 La. 258; 9 M. 517.

Third—On a motion to dismiss on the ground of acquiescence in the judgment appealed from, the appellant has the right to the remanding of the case to try that issue if the record does not show that there has been no acquiescence.  28 An. 272 ; 29 An. 546; 3 An. 150 ; 23 An. 37 ; 10 An. 574.

Fourth—The surety in injunction is not in court on the trial of the injunction, unless there is a reconventional demand in damages against him, and when neither the record nor the minutes furnish any clue that testimony was taken in the lower court, he is not required to call for a statement of facts.

Fifth—No judgment can be rendered against the surety in injunction at the same time with the principal, unless there is a prayer for judgment against the surety.

#### ON THE MERITS.

First—In injunction cases enjoining the execution of a money judgment, no judgment can be rendered against surety at the same time with the principal, unless there is a prayer for judgment against the surety.

Second—Where, without the fault of the appellant, the facts necessary to decide the case are not before the court, the case will be remanded for a new trial.  C. P. 906 ; 23 An. 28 ; 18 An. 278, 455, 560 ; 20 An. 505, 155 and 63.

The prayer for general relief is available only to explain vague allegations, or to authorize ordinary decrees justified by the pleadings and evidence; but not to authorize the application of the unusual, extraordinary and highly penal provisions of the Act of March 25, 1831.  9 An. 540 ; 11 An. 69.

### Albert Voorhies for Plaintiff and Appellant:

First—The merits of an assignment of errors are prematurely passed upon, if examined in a motion to dismiss.

Second—This case should be remanded and not dismissed as appellees were themselves clearly at fault in not filing their documentary evidence.

---

#### ON THE MOTION TO DISMISS.

The opinion of the Court was delivered by

LEVY, J.    Appellee moves to dismiss this appeal, as to the appellant, J. M. Cientat, on the ground that he has acquiesced in the judgment appealed from and applied for his suspensive appeal after legal delays had elapsed.   He also filed a supplemental motion to dismiss on the following grounds: 1st.  That the certificate of the clerk of the lower court is incorrect and untrue, in that the testimony of certain witnesses was

heard by the court *a qua* on the trial of this case, although the same was not taken down in writing, and that no mention is made thereof either in the body of said transcript or in said certificate.    2d. That the record of appeal is incomplete, inasmuch as it contains no minute entry of the trial of the case below, and no note of evidence taken on the trial, either of the case or of the rule for a new trial, nor does it contain certain receipts which were offered by mover on the trial of the case on its merits.    3d. That evidence was actually offered on the trial of the rule for new trial and acted upon by the court, which is not contained in the transcript.    4th. That appellant failed to prosecute his application for a new trial in the court below, and cannot in this Court be relieved from the consequences of his own laches.    5th. That appellant's case is not one which would justify this Court in interfering with or controlling the discretionary power or right of the lower court in matters of new trial.    6th. That Verges, one of the appellants, had first applied for and obtained an order for a suspensive appeal, which he did take up but failed to prosecute, and he is thereby debarred from the right of applying for and prosecuting a *devolutive* appeal.

As to the first ground, that of acquiescence, the record shows that the payment of the amount for which a *fieri facias* had been issued and his property seized thereunder and about to be sold, by the appellant Cientat, was not such voluntary execution of the judgment as would constitute acquiescence therein.   He paid the amount under the advice of counsel, on the very eve of the sale of his property by the sheriff, with a protest, and with the declaration, acknowledged in the sheriff's receipt, that it " was made under compulsion of an impending sale" of his property, to satisfy the *fi. fa.* issued under the judgment herein appealed, which sale was about to take place.   Said receipt also contains the statement by the sheriff, to whom the payment was made, that, Cientat " protests against the payment, and makes it only to avoid the sale and sacrifice of the property seized and advertised as aforesaid," and specially " insists that the execution under which said payment is made is wrongful and illegal by reason of his having taken a suspensive appeal from the judgment in this case, which is not yet determined in the Supreme Court," and that " he insists upon his right of appeal aforesaid, and in no sense acquiesces in or voluntarily executes said judgment."   The case of Johnson vs. Clark & Meader, 29 An. 762, in which the facts are quite similar to those in this case, and where a motion to dismiss the appeal was made, the Court passed on the very question raised herein, and the reasons there given seem to us to be decisive, and the doctrine then held must be applied to this case.   The Court said : " The defendants did not voluntarily execute the judgment of the lower court.   They disregarded the sheriff's first notice, requiring the payment of the *fieri fa-*

*cias,* whereupon, he informed them that, if payment was not made by a given hour, he should seize, advertise for sale, and sell their stock in trade, and to that end, the officer proceeded to prepare, in form, his notices of seizure. To avert this, the defendants paid, and took immediate legal proceedings to stay the fund in the sheriff's hands. The consequences of a seizure of their stock and its advertisement for sale would have been far-reaching and most injurious to them. Their payment, to avert such consequences, cannot be held in any other light than compulsory. The act should be unequivocal to authorize a presumption of the abandonment of so important a right. Leggett vs. Peet, 1 La. 296; Yale vs. Howard, 24 An. 458." The ground that *Cientat* applied for his suspensive appeal after legal delays had elapsed cannot prevail in this case. Although for the purposes of rendering him liable on the injunction bond, as surety, he was constructively before the court, yet this constructive appearance should not operate to debar him of his right of appeal and take him out of the rule established by the Code of Practice. Arts. 575 and 624. The defendant thus constructively before the court as surety, not having answered, having made no actual appearance in the case, was entitled to notification of the judgment rendered against him. No such notice appears to have been given, and we think his appeal was taken in time. As to the validity of the judgment against the surety, we are not called upon to decide in this motion, nor shall we enter into a discussion as to the surety being even constructively before the court in a case where the injunction does not enjoin a monied judgment.

As to Cientat, he cannot be held responsible for the deficiencies of the transcript, when the minutes of the lower court failed to show that certain testimony was taken and certain documents filed by the plaintiff. He took the case as the record of the court showed it, and the failure of the plaintiff to file the documents and of the court and the parties to the suit to have the testimony taken down in writing, should not be visited upon him or imputed to him as a fault, and that, especially, when the case was tried in his absence, and virtually *ex parte* as to him. The motion to dismiss cannot, therefore, be sustained as to Cientat.

As to Verges : The failure to perfect his suspensive appeal and its abandonment by not giving bond within the delay fixed by law, did not prevent him from availing himself of the right to a devolutive appeal, which he has taken. In the case above cited, 29 An. 762, (Johnson vs. Clark & Meader), it was held : " The appellee has a right to demand the dismissal of the appeal if the appellant has neglected to give a sufficient bond, or omitted any other legal formality; but a judgment of dismissal pronounced on such demand does not preclude the appellant from having the judgment of the lower court reviewed, if he claims his second

appeal within the year. The present appeal is within time." 11 La. 380; 15 An. 116; 27 An. 244. But Verges is met ·with a serious obstacle in the way of his prosecution of this appeal. It does not appear from the record that any request was made to have the testimony on trial reduced to writing, or that any bill of exceptions was taken or any statement of facts asked for, while the assignment of errors is clearly insufficient and does not show such error in law, patent on the face of the record, as would justify us in maintaining the appeal. In Fonda vs. Denton, 13 An. 343, this Court held that: "the failure to appear and prosecute the opposition cannot deprive the party interested of the benefit of the judgment." The failure of the appellant Verges, a party to all the proceedings, to ask for and obtain a statement of facts, was surely a fault imputable to himself.

We find no evidence in the record, but the judgment itself states that "considering the law and evidence are against plaintiff and in favor of defendants, etc.," and in such case we will presume that the judgment was properly rendered, and upon evidence properly before the Court.

In this case there was a reconventional demand, and, therefore, the judgment was not to be confined to one of nonsuit. (Hen. Dig., Judgment, viii, No. 18).

The case of Moch vs. Garthwaite, 11 An. 287, is decisive of this point, where the Court held: "Where a plaintiff is seeking to recover from a defendant a sum of money, or to enforce from him the recognition of some right, or the performance of some obligation, a trial had in his absence will entitle the defendant merely to a judgment of nonsuit as against the plaintiff; but this rule is strictly applicable to cases where the position of the party sued is purely defensive, and cannot be extended to cases where the defendant is himself obstructed in the recognition or enforcement of his own rights or counter-claims against the plaintiff. Thus a plaintiff cannot by discontinuing or submitting to a nonsuit, prevent a defendant from trying his claim in reconvention." And, again: "We think that where in an injunction suit the *issues have been once properly presented* to the court upon pleadings involving *issues upon the merits*, that the judgment dissolving the injunction, unless appealed from, will be conclusive between the same parties, where the same grounds are again set up to enjoin a second seizure for the same debt or of the same property." This doctrine is fortified by the following cases: 5 An. 298; 21 An. 814.

It is, therefore, ordered that the motion to dismiss the appeal of Jean M. Cientat be denied at costs of appellee, and the appeal of Pierre Verges be dismissed at his (Verges') costs.

Rehearing refused.

## ON THE MERITS.

The opinion of the Court was delivered by

BERMUDEZ, C. J.   J. M. Cientat, surety on the injunction bond furnished in this case, complains that he was mulcted in damages by the judgment dissolving the injunction; that he was not sued, and that there was no demand from the defendant in injunction that he be condemned in damages.

The injunction obtained in this case was not sought to arrest the execution of a money judgment.  Its object was to prevent the putting in possession of an adjudicatee of real property claimed by the plaintiff, a *third* person, as owner.

Article 304 of the Code of Practice does not apply to cases of this description.  32 An. 718, 974.

In suits of this character, the injunction must first be dissolved, and the defendant in injunction must be left to his recourse on the bond for damages.  If it were true, that he could in such a case claim at the same time a dissolution and damages, he could do so only by a proceeding in the nature of a direct suit, in which the surety should be cited and afforded an opportunity to defend himself.  Under no circumstances, however, could he recover damages against the surety without asking for the same.   A prayer for general relief would not warrant a judgment against the surety.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from, as far as it affects J. M. Cientat, be reversed, and that this case as concerns him be remanded to the lower court, there to be reinstated in the condition in which it stood before it was fixed for trial; appellees to pay costs in both courts,