DAWKINS, J.
Plaintiff obtained against her husband, a judgment of separation from bed and board, and after expiration of the year provided by the Code (article 139) sued for a ■ final divorce and for alimony in the sum of $250 per month; but subsequently dismissed1 the latter proceeding. In the meantime, an amicable settlement of the community was reached and reduced to judgment in the court below. Having been given the custody of the two children, a boy and a girl, in the original judgment, she was also awarded alimony in the sum of $150 per month for their support. Later, the son married, and by agreement between counsel for plaintiff and defendant it was stipulated that defendant should pay for the support of the daughter, a child about 12 years old, the sum of $45 per month, which defendant subsequently increased voluntarily to $60.
After the expiration of two years, plaintiff not having seen fit to ask for a final divorce, except in the proceeding which was dismissed, defendant availed himself of the-statute and sued for a final decree. Plaintiff admitted there had been no reconciliation and submitted the matter to the court, but averred that defendant enjoyed an income of $10,000 per year and that she should be allowed alimony in the sum of $250 per month. In an amended answer she attacked the former settlement of the community on the ground of fraud and deception as to the value of- its property, and in reconvention prayed that the judgment based thereon be set aside; that a new inventory be made, and for a just and equitable adjustment. Pleas of res judicata, prescription, and no cause of action were filed. There was judgment for defendant, sustaining the exception of no cause of action, and dismissing the re-conventional demand set up in the amended answer, and, on the merits, granting the husband an absolute divorce.
Orders of appeal, suspensive and devolutive, were prayed for and granted, conditioned upon the wife executing bond as provided by law, and made returnable to this court August 14, 1922. There is nothing to show *1057 when this order was granted or filed, but the judgment was rendered on the 8th day of June, 1922, and signed on the 15th of the same month. On August 4, 1922, she filed a proper bond for perfecting the said appeal but never lodged the transcript in this court. On August 22, 1922, the wife, defendant in the suit for final divorce, obtained a second order of appeal from the judgment dismissing the reconventional demand, in which order the bond was fixed at $50 and filed on the same day.
[1] Appellee, husband, has filed in this court a motion to dismiss the said second appeal upon the ground that having perfected the first one by filing the bond in the lower court, and having failed to bring up the transcript within the return day, appellant had lost and abandoned her right of appeal. The motion must be maintained. Bowie v. Davis, 33 La. Ann. 345; Laussade v. Maury, 31 La. Ann. 858; Girod v. Monroe Brick Co., 127 La. 328, 53 South. 582; Whitney Cent. Bank v. Greenwood, 146 La. 572, 83 South. 834.
On June 21, 1922, plaintiff (wife) filed a rule to increase the alimony which defendant was paying for the support of his daughter from $60 to $500 per month upon the allegation that he enjoyed an income of $15,-000 per year. After trial, the court below fixed the sum to be paid at $75 per month, and from this order plaintiff prosecuted a separate appeal.
[2] The record shows that defendant (husband) receives a salary of $4,200 per year from the N. G. Huth Construction Company, of which he is president. It also shows that he owns three-fourths of the capital stock of that company; that in the year 1920 it made a net profit of $12,340.16, in 1921, $10,-911.51, and for the year 1922 (the case being tried in June of that year), the witness by whom these facts were proved swore that “they (the profits) will run that much, * * * but will not go much more.” This testimony was given by one Ayeock, who owns the other one-fourth of the stock, Iseeps the records, and was not disputed. This makes the income of the defendant something like $12,000 to $13,000 per year;, and in the circumstances, we think he should contribute at least $125 per month for the support of his said daughter. .She is a girl now in'her teens, and her needs will soon require this amount, if they have not already reached that point.
[3] With reference to the motion to dismiss this last appeal from the judgment fixing alimony for the child, upon the ground that plaintiff has acquiesced therein by receiving the $15 per month additional allowed by the court below, it is sufficient to say that such judgments, unlike the ordinary case, are never final, but subject to modification according to circumstances. We do not think that by accepting that which was necessary to her support, appellant has lost the right to have us review the ruling (of the lower court.
For the reasons assigned, the appeal from judgment dismissing the wife’s reconventional demand is dismissed at her cost, as having been abandoned; as to the judgment for alimony for the minor Rosemary Huth, the same is increased to the sum of $125 per month; appellee to pay all costs thereof.