(108 So. 463)

### No. 27783.

## URANIA LUMBER CO., LIMITED, v. HADDOX et al.

. (May 3, 1926.)

*(Syllabus by Editorial Staff.)*

1. **Appeal and error &=805—There is no appeal, and none can be abandoned, until bond is furnished.**

Where party is granted an appeal and fails to furnish bond, it is not considered that appeal is completed, and that case is pending on appeal, and consequently appeal cannot be considered abandoned, no matter how many orders of appeal have been granted.

2. **Appeal and error &=14(1)—Where party was granted appeal, suspensive and devolutive, and perfected neither by giving bond, he is entitled, within year from judgment to another order for devolutive appeal.**

Where party was granted an appeal, suspensive and devolutive, and perfected neither by giving bond within time allowed, he lost right to suspensive appeal, but is entitled to devolutive appeal if applied for and perfected within year from date of judgment.

Appeal from Eighth Judicial District Court, Parish of La Salle; F. E. Jones, Judge.

Action by the Urania Lumber Company, Limited, against William M. Haddox and others. Judgment for plaintiff, and an appeal was granted defendants. On motion to dismiss appeal. Case dismissed without prejudice to right of defendants to obtain and prosecute a devolutive appeal.

C. W. Flowers, of Jena, and S. R. Holstein, of Winnsboro, for appellants.

Wise, Randolph, Rendall & Freyer, of Shreveport, Thornton, Gist & Richey, of Alexandria, and P. S. Gaharan, Jr., of Jena, for appellee.

THOMPSON, J. Judgment was signed in favor of plaintiff on November 23, 1925. An appeal, suspensive and devolutive, was granted defendant made returnable to this court on December 24, 1925.

The appellant did not perfect either appeal by giving the required bond, and thereby permitted the order for both appeals to lapse.

Long after the return day, on February 5, 1926, the plaintiff and appellee obtained a copy of the record and filed it in this court, and thereafter filed a motion to dismiss the appeal on the ground that the appellant had abandoned the appeal by not filing the transcript within the time required by law and the order of the court.

The case will have to be dismissed; not, however, because the appeal has been abandoned by the appellant, but for the reason there has been no appeal perfected.

[1] There is no appeal, and none can be abandoned, until the bond is given, no matter how many orders of appeal have been granted. Mortee v. Edwards, 20 La. Ann. 236; Bank of America v. Fortier, 27 La. Ann. 244.

In the case of Upton v. Adeline Sugar Factory, 109 La. 670, 33 So. 725, the appellee on a motion to dismiss contended that the failure to file the bond under the first appeal, and to bring up the transcript on the day it was made returnable, operates as an abandonment of the appeal, to which this court answered:

"We do not find that it has ever been held that the failure to file the bond of appeal is an abandonment of the appeal.

"The abandonment must be actual and voluntary. It is not to be inferred that abandonment was intended, and the right of appeal lost. If no bond is furnished, it is not considered that the appeal is completed, and that the case is pending on appeal."

And in the case of Durand v. Landry, 118 La. 711, 43 So. 307, we said:

"Where an appellant has obtained an order for both a suspensive and devolutive appeal, and has perfected neither by giving bond, he is entitled, within the year, to another order for a devolutive appeal. There is no appeal to be abandoned until the bond is given."

[2] While the defendants have lost the right to a suspensive appeal by not complying with the order of appeal within the delay allowed, they have not abandoned their right to a devolutive appeal, if applied for and perfected within the year from the date of the judgment.

The case is therefore dismissed without prejudice to the right of defendants to obtain and prosecute a devolutive appeal if they so desire within the time fixed by law.

The cost of bringing up the record and of this court to be paid by the appellee.