173 La. 934

### In re GEM CO., Inc.
### No. 28257.

Supreme Court of Louisiana.
Jan. 4, 1932.

George J. Untereiner, of New Orleans, for appellants Bertrand C. Francingues, Robert L. Ducros, and George J. Untereiner.

McCloskey & Benedict, of New Orleans, for appellees McCloskey Bros. and D. H. Holmes Co., Limited.

Alexis Brian, of New Orleans, for appellee J. A. Petty.

**BRUNOT, J.**

The three appellants are two of the liquidators of the Gem Company, Inc., an insolvent corporation, and their attorney. They are appealing in their individual capacities and as creditors of the corporation from a judgment subordinating their claims against the corporation to the claims of other creditors and ordering the liquidators to amend their account accordingly.

Pending this appeal, one of the appellants died, and his surviving widow and sole heir has been properly substituted as appellant in his stead.

This is the third appeal from the same judgment. The appellants in this matter first perfected a suspensive and devolutive appeal from the original judgment. This appeal was decreed to be abandoned. In re Gem Company, Inc., 161 La. 18, 108 So. 110.

The second appeal from the judgment was perfected by the liquidators of the corporation in their capacity as liquidators. This appeal was dismissed upon two grounds, viz.: That the appeal was an attempt to reinstate the original appeal; and that appellants were without interest to champion the rights of one creditor as against those of other creditors.

The third appeal, which is the one now under consideration, is a devolutive appeal, by the same appellants, in the same capacity, and from the same judgment from which they originally appealed suspensively and devolutively, and which appeal this court decreed to be abandoned.

In passing upon the motion to dismiss the second appeal, which was taken and perfected by the three liquidators, this court, through its Chief Justice, said:

"The only purpose of this appeal, obviously, is to reinstate the appeal which two of the appellants, liquidators, and their attorney, each individually and as a creditor of the corporation, heretofore took and which was pronounced abandoned by the decree of this court." In re Gem Company, Inc., 162 La. 416, 110 So. 635, 636.

What the court said in the quotation from the cited case, with reference to the liquidators' appeal, applies, with greater force and effect, to this appeal.

These appellants perfected both a suspensive and devolutive appeal from the original judgment; this court decreed the abandonment of their appeal, and, when that judgment became final, James A. Petty, one of the appellees, whose claim had become fixed by the finalty of that judgment, obtained a judgment on a rule filed in the civil district court ordering the liquidators to pay him the amount awarded him in the original judgment.

This appeal was taken after the rendition of the judgment on the said rule. It is alleged in the motion to dismiss this appeal that, pending a hearing thereof in this court, the mover, James A. Petty, has been paid the full amount awarded him in the original

judgment. It appears that, after the bond for this appeal was filed, a motion to rescind the order of appeal was made in the civil district court, but the learned judge overruled the motion upon the ground that, the appeal having been perfected, he no longer had jurisdiction to consider the motion. It is the settled jurisprudence of this state that, when an appeal has been abandoned, appellants cannot thereafter, in the absence of changed conditions, be permitted to renew it. Bienvenu v. Insurance Co., 33 La. Ann. 209; Pierce v. Cushing, 33 La. Ann. 809; Sterling v. Sterling, 35 La. Ann. 841; Exposition v. Railroad Co., 39 La. Ann. 355, 1 So. 791; Succession of Lula, 42 La. Ann. 475, 7 So. 585; Loan Association v. Church, 49 La. Ann. 880, 21 So. 517; Braud v. Huth, 154 La. 1054, 98 So. 664; Terry Co. v. Sutherlin Co., 145 La. 398, 82 So. 384; Cox v. Hope Co., 130 La. 231, 57 So. 899; Levee Board v. Land Co., 132 La. 911, 61 So. 868; Mundy v. Phillips, 157 La. 450, 102 So. 519.

For the reasons stated, and upon the authorities cited, the appeal herein is dismissed, at appellants' cost. .