**158 So. 7**

## PARAMOUNT WOOD PRODUCTS CO. v. COLONIAL FIRE UNDERWRITERS
### and five other cases.

No. 33097.

Oct. 29, 1934.

Rehearing Denied Nov. 26, 1934.

George Thurber, of Shreveport, for appellant.

Hardin & Coleman, of Shreveport, for appellees.

O'NIELL, Chief Justice.

These suits were brought against six insurance companies to recover for a fire loss. The cases were consolidated for the purpose of the trial; which resulted in a judgment for the defendant in each case, rejecting the plaintiff's demand. The judgments were signed on the 26th day of June, 1933. The plaintiff obtained an order of appeal in each case on the 12th day of July, and filed the appeal bond in each case on the 18th day of July, 1933. The appeals were declared to be both suspensive and devolutive appeals, in the petition for the appeals and in the orders of appeal, and the bonds were fixed at $100 for either a suspensive or devolutive appeal; but the appeals were not in fact suspensive appeals, first, because there was no judgment to suspend execution of, and, second, because the appeals were taken more than ten days after the judgments were signed. The appeals were made returnable to this court on the 6th day of September, 1933. On the 24th of August, the clerk of the district court, in concurrence with the appellant, obtained an extension of the time for filing the transcripts, to the 23d day of October. On the 10th of October, the appellant obtained a further extension of time for filing the transcripts to the 4th of December. On the 21st of November, the appellant asked for a further extension of time for filing the transcripts, but, on the objection of the appellees, the extension was refused, because the extensions which had been asked for seemed unreasonable. Six days later, that is, on the 27th of November, and before the extended delay for filing the transcripts had expired, the appellant filed in this court a petition to be allowed to withdraw the appeals, with res-

ervation of a right to take another devolutive appeal in each case at any time within the year allowed by law for taking a devolutive appeal. On the objection of the appellees, the appellant was denied the right to withdraw the appeals with reservation of a right to take another appeal. Meanwhile, that is to say, about the 1st day of August, 1933, the appellees obtained in the district court a rule on the appellant to test the solvency or sufficiency of the surety on the appeal bonds. The rule was made returnable on the 10th day of August, but was continued to the 23d day of that month, and was continued again to the 10th of October, on which date the appellant filed exceptions and an answer to the rule, and had the return day extended to the 18th day of October. The rule to test the solvency or sufficiency of the surety on the appeal bonds was again continued and reset for argument, from time to time, and was finally decided on the 2d day of December, 1933, the surety on the bonds being declared insufficient. The decree in each case was, according to the minutes of the district court, "that the appeal herein was ordered dismissed unless saved by timely filing of a good and sufficient appeal bond." Therefore, according to section 3 of Act No. 112 of 1916, as amended by Act No. 284 of 1928, the appellant had four judicial days in which to prevent the dismissal of the appeals by furnishing new bonds with sufficient surety. On the 4th day of December, which was the last day allowed by the order of this court for the filing of the transcripts of appeal, the appellant filed in this court a petition setting forth that appellant's right of appeal was jeopardized by the shortness of the time allowed for the filing of new or additional bonds in the district court, and praying for a further extension of the time in which to file the transcripts in this court; and, as a matter of grace, to allow the appellant another opportunity to prevent a dismissal of the appeals, the time allowed for filing the transcripts in this court was extended two weeks longer, that is, to the 18th day of December, 1933. The appellant did not file the transcripts in this court, or ask for a further extension of time in which to file them, or offer to furnish new or additional appeal bonds, or additional surety, in the district court. The appeals, therefore, were not only abandoned by the appellant's failure to file the transcripts in this court, but stood dismissed by the order of the district court, and by the appellant's failure to take advantage of the four days' grace allowed by section 3 of Act No. 112 of 1916, as amended by Act No. 284 of 1928, in which to furnish new or additional appeal bonds, or sufficient surety on the bonds already filed. On the 5th of January, 1934, the appellees filed in this court a petition for an order on the clerk of court to issue a certificate, according to article 589 of the Code of Practice, to the effect "that the record has not been brought up," and that the appeals were therefore abandoned by the appellant. The order was granted and the certificate was issued accordingly by the clerk of court.

On the 16th of June, 1934, the appellant applied for and obtained from the district judge new orders of appeal from the same judgments—dated the 26th of June, 1933—from which the former appeals had been taken, and, tacitly, abandoned. The appellees appeared in the district court and moved to have the new orders of appeal rescinded, but

the judge refused to rescind the orders. The appellant furnished new appeal bonds as required by the new orders of appeal, and brought up the records within the time allowed in the new orders of appeal. The appellees have moved to dismiss these appeals. The grounds for the motion are, first, that the right to appeal was lost by the appellant's failure to take advantage of the four days' grace which were allowed for the furnishing of new bonds or sufficient surety, by the decree of the district judge that the appeals first taken should stand dismissed unless such new bonds or sufficient surety should be furnished within the four days allowed by law; and, second, that the appeals first taken were abandoned by the appellant's failure to file the transcripts of appeal in this court within the time allowed therefor.

The appellant relies upon the proposition, which is well settled and not disputed, that one who has obtained an order for a suspensive appeal but has failed to furnish the appeal bond within the time prescribed has yet the right to take a devolutive appeal within the time prescribed by law. Smith v. Vanhille, 11 La. 380; Gibson v. Selby, 2 La. Ann. 628; Daniel & James D. Edwards v. Marin, 28 La. Ann. 567. That rule, however, is not applicable to this case because in this case the original orders of appeal which the plaintiff asked for and obtained were for devolutive appeals, and the plaintiff filed the appeal bonds and thereby brought the cases out of the jurisdiction of the district court and into the jurisdiction of this court, for all purposes except for the right to pass upon the validity of the appeal bonds or the sufficiency of the surety thereon. The appellant contends that when the district judge found

that the surety on the appeal bonds originally furnished was insufficient, the situation was the same as if no appeal bonds had been furnished. But that argument seems to do violence to the provisions of section 3 of Act No. 112 of 1916, as amended by Act No. 284 of 1928, allowing an appellant only four days in which to mend his hold when his appeal is ordered dismissed on the ground that his bond is invalid or insufficient. We are not called upon to say whether the argument would prevail if only a suspensive appeal had been asked for and granted originally. In this instance the appeals which were asked for and granted originally were devolutive appeals; and they were perfected, and the case was thereby brought within the jurisdiction of the Supreme Court, as far as the appellant was concerned, by the filing of the appeal bonds. It is not contemplated by the terms of section 3 of Act No. 112 of 1916, as amended, that one who has taken a devolutive appeal and whose appeal is ordered dismissed because of a defect in his appeal bond may abandon the four days' grace allowed him for correcting his error, and take another devolutive appeal whenever he sees fit to do so within the year allowed by law. Our conclusion, therefore, is that the case is within the rule that when a party against whom a judgment has been rendered takes a devolutive appeal and furnishes what he deems to be a valid and sufficient appeal bond, and afterwards applies to the appellate court for an extension of the time allowed by the district judge for filing the transcript, and obtains the extension, he must file the transcript within the time which has been allowed and extended, or his appeal will be deemed to be abandoned, and he cannot thereafter take another appeal from the

same judgment. Braud v. Huth, 154 La. 1054, 98 So. 664; Mundy v. Phillips, 157 La. 445, 102 So. 519; In re Gem Co., 161 La. 18, 108 So. 110, and Id., 173 La. 934, 139 So. 11.

In the first case cited by the appellant, Smith v. Vanhille, 11 La. 380, where it was observed that the question whether an appellant might take another appeal when his first appeal was dismissed was presented for the first time, it was said: "The Code of Practice, however, prohibits a second appeal when the appellant, by his own act, abandons the first one. Code of Practice, art. 594." It is well settled that an appellant abandons his appeal "by his own act" if he fails or neglects to file the transcript within the time allowed.

The appeals are dismissed.