O’NIELL, Chief Justice.
 

 The plaintiffs asked for and obtained an order for a suspensive and devolutive appeal from a judgment dismissing their suit. It was stated in the petition for the appeal, and in the order of appeal, that the appellants were allowed to proceed in forma pauperis, under the provisions of Act No. 156 of 1912, as amended by Act No. 260 of 1918 and by Act No. 165 of 1934, and that the appellants therefore were not required to furnish an appeal bond. They did not file the record in the Supreme Court, or obtain an extension of the time allowed for filing the record; but, on the eleventh day after the time had expired, they presented to the judge of the civil district court another petition for an appeal, and were granted another order of appeal, without bond. The appellants filed the record in the Supreme Court within the time stipulated in the new order of appeal. The defendants have moved to dismiss the appeal on the ground that the effect of the granting of the first order of appeal was to transfer the case from the jurisdiction of the civil district court into the jurisdiction of the Supreme Court, and that the judge of the civil district court therefore had no authority to grant the second order of appeal.
 

 The motion to dismiss the appeal is well founded. One who obtains an order for a devolutive appeal from a judgment which •has been rendered against him, and files the appeal bond required by law or by the order of appeal, thereby takes the case out of the jurisdiction of the court that rendered the judgment, and if he fails to file the record in the appellate court within the time allowed by law or by the order of appeal, he thereby abandons his appeal and cannot take another appeal from the same judgment. Smith v. Vanhille, 11 La. 380, citing Code of Practice, art. 594; Braud v. Huth, 154 La. 1054, 98 So. 664; Mundy v. Phillips, 157 La. 445, 102 So. 519; In re Gem Co., 173 La. 934, 139 So. 11; Paramount Wood Products Co. v. Colonial Fire Underwriters, 180 La. 886, 158 So. 7. The same rule is applicable to a case where the appellant is not required to furnish an appeal bond, because in such a case the granting of the order of appeal completes the proceedings in the court that rendered the judgment, and divests the court of its jurisdiction over the case.
 

 The appeal is dismissed.