190 So. 124

## POLICE JURY OF PARISH OF ST. JAMES v. BORNE et al.

### No. 35325.

May 29, 1939.

Morrison & Sims, of Hammond, for appellants.

Sigur Martin, of Lutcher, and A. L. Talbot, of Napoleonville, for appellee.

ROGERS, Justice.

The Police Jury of the Parish of St. James established a Farm-to-Market public road, known as "Rear Baytree Settlement Parish Road." The Works Progress Administration, under the sponsorship of the police jury, improved, drained and hard-surfaced the road during the years 1936 and 1937. The road was used by the inhabitants of the Rear Baytree settlement from the time of its completion until the defendants, the title owners of the portion of land dedicated as a public road, caused it to be closed. Whereupon the police jury filed this suit for an injunction to restrain the defendants from interfering with plaintiff in the exercise of its rights in keeping the road open to the public. The rule to show cause why a preliminary injunction should not issue and the case, on its merits, were, by consent of counsel, tried at the same time.

After the trial and argument were completed, the following agreement was entered into, as shown by the minutes, viz.: "It is understood that the Judge shall have ten days to render judgment herein. On rendition of judgment, copies to be sent to James Morrison, Sigur Martin and Aubert Talbot; Court will, on rendition of judgment, grant an order of appeal, returnable to the Supreme Court according to law and bond to be fixed also according to law thereby dispensing attorneys of appearing in court for moving for appeal. The above being agreed to by the attorneys for plaintiff and defendants." Subsequently, the court below rendered judgment in favor of plaintiff and against the defendants decreeing the action of the Police Jury in dedicating the said public road to be valid and perpetuating the writ of injunction. The judgment was rendered and signed on January 19, 1939. And on the same day, in open court, the trial judge granted a suspensive and devolutive appeal, returnable to this court on or before March 13, 1939, in accordance with the "agreement entered into by and between counsel for plaintiff and counsel for defendants, under date of January 5th, 1939." Bond for the suspensive appeal was fixed at $1000, and for the devolutive appeal, at the sum of $500. Defendants did not perfect either appeal by furnishing the required bond.

On March 10th, 1939, three days before the appeal was returnable to this Court, the district judge, at chambers, granted another order of appeal reading as follows:

"As per agreement entered into by and between counsel for plaintiff and counsel for defendants, under date of January 5th, 1939:

"It is ordered that a devolutive appeal be and is hereby granted to the said defendants from said above judgment, returnable to the Honorable the Supreme Court of the State of Louisiana on or before Friday, April 14, 1939, upon defendants furnishing bond, with good and solvent security, conditioned as the law directs, in the sum of Five Hundred Dollars for said devolutive appeal."

The defendants perfected the appeal on March 29, 1939, by furnishing a cash bond. No citation of appeal was issued or served. The record was filed in this Court on the return day fixed in the second order granting a devolutive appeal.

Plaintiff has filed a motion to dismiss the appeal on the grounds that (1) the transcript was not filed in the appellate court within the delay named in the first order of appeal and the appeal could not be renewed thereafter; and (2) no citation of appeal was issued and served on defendants.

In support of its first objection, plaintiff relies on Article 594 of the Code of Practice and cases cited thereunder. This article is not applicable because it refers to perfected appeals, that is to say, cases in which the appeal has been completed by furnishing the required bond. In such cases the appellant must bring up the appeal within the prescribed time. However, the jurisprudence of the state upholds the right of an appellant who has obtained an order for both a suspensive and devolutive appeal, and has perfected neither by giving bond, to apply for and obtain, with-

in the year, another order for a devolutive appeal. Vacuum Oil Co. v. Cockrell, 177 La. 623, 148 So. 898, and cases therein cited. See, also, Paramount Wood Products Co. v. Colonial Fire Underwriters, 180 La. 886, 158 So. 7. The objection to the alleged delay in filing the transcript under the first order of appeal is therefore without merit.

The second ground for dismissal of the appeal is also without merit. Both orders of appeal refer to an oral agreement between counsel, under which the judge was authorized to grant an order of appeal and fix the bond therefor, thereby dispensing with the appearance of counsel in court to move for an appeal. Apparently the trial judge was of the opinion that this agreement entitled the parties to an appeal, constituted a waiver of citation of appeal, and that the waiver was not limited as to time, because he predicated his second order granting a devolutive appeal on the agreement. We would be very reluctant to dismiss an appeal under these circumstances, particularly since appeals are favored by law. Unless the ground urged for the dismissal is free from doubt an appeal will be sustained. Phelan v. Wilson, 114 La. 813, 820, 38 So. 570.

Counsel for plaintiff rely upon the cases of Harding v. Hackney, 189 La. 132, 179 So. 58, and Ducre v. Succession of Ducre, 167 La. 133, 118 So. 864, to support their contention that where a devolutive appeal is obtained at chambers without service or citation, the appeal must be dismissed. In those cases there was no question as to waiver of citation by agreement of counsel permitting the district judge to issue an order of appeal, and hence the cases are not applicable.

For the reasons assigned, the motion to dismiss the appeal herein is denied.

FOURNET, J., absent.