61 So.2d 881

HYDE v. SIMS.

No. 40981.

Nov. 10, 1952.

Reid & Reid, Hammond, and Reid, Burch & Reid, Amite, for appellant.

Mary Purser and Ponder & Ponder, Amite, for defendant-appellee.

HAMITER, Justice.

Presently under consideration in this cause is a motion to dismiss the appeal.

In the suit plaintiff prayed for judgment recognizing her to be the owner of a tract of land in Tangipahoa Parish, containing 100 acres more or less, and condemning the defendant to pay the sum of $2,635.60 for timber allegedly cut from a portion of the property. Her demands were rejected, after a trial of the merits, the judgment having been rendered April 15, 1952.

On April 18, 1952, in open court, plaintiff obtained an order for an appeal returnable to this court on or before June 9, 1952, it reciting: "Suspensive and devolutive upon furnishing bond with good and solvent surety in the sum of $250." However, it appears that the appeal under this order was never perfected, plaintiff having failed to give the required bond.

Through motion of her counsel made in open court on June 30, 1952 plaintiff obtained another order, it granting a devolutive appeal returnable to this court on or before August 15, 1952 upon the filing of bond in the sum of $200. Bond for this amount was filed August 12, 1952, and on the designated return day the transcript of appeal was lodged here.

In a motion to dismiss the appeal defendant calls attention to plaintiff's failure to obtain an extension of the return date of June 9, 1952, as fixed in the first order; and he suggests "that efforts were made to perfect the initial appeal and that the posting of the present appeal is neither timely nor within the delays provided by law, and that said appeal should be dismissed and rejected * * *."

There would be merit to defendant's motion if the appeal had been completed in compliance with the first order. However, the bond thereby required, according to the record, was not furnished; and the instant devolutive appeal was perfected under the second order, obtained within a year after the judgment, all of the requirements of which have been fulfilled as above shown, including the timely filing of the transcript. Decisive here is Police

Jury of Parish of St. James v. Borne, 192 La. 1041, 190 So. 124, 125, in which we observed:

"Plaintiff has filed a motion to dismiss the appeal on the grounds that (1) the transcript was not filed in the appellate court within the delay named in the first order of appeal and the appeal could not be renewed thereafter; * * *.

"In support of its first objection, plaintiff relies on Article 594 of the Code of Practice and cases cited thereunder. This article is not applicable because it refers to perfected appeals, that is to say, cases in which the appeal has been completed by furnishing the required bond. In such cases the appellant must bring up the appeal within the prescribed time. However, the jurisprudence of the state upholds the right of an appellant who has obtained an order for both a suspensive and devolutive appeal, and has perfected neither by giving bond, to apply for and obtain, within the year, another order for a devolutive appeal. * * * The objection to the alleged delay in filing the transcript under the first order of appeal is therefore without merit." See also Reynolds v. Reiss, 145 La. 155, 81 So. 884; Urania Lumber Company, Ltd., v. Haddox, 161 La. 227, 108 So. 463; Vacuum Oil Company v. Cockrell, 177 La. 623, 148 So. 898; and Buillard v. Davis, 195 La. 684, 197 So. 273.

Following the preparation of the foregoing opinion, counsel for mover submitted for our consideration a brief in which they declare as a fact that a bond under the first order was filed on April 30, 1952 (the motion to dismiss recites that efforts were made to perfect). And in support of the declaration is an attached certificate of a Deputy Clerk of Court of Tangipahoa Parish. Then counsel argue:

"If the first bond had not been filed, plaintiff would have been entitled to a devolutive appeal at a later date, but having once perfected her appeal by filing the bond, her failure to send up the transcript before the expiration of the return day barred her from taking any other order of appeal."

The record in this cause has again been carefully examined, and it fails to disclose or even indicate the filing of a bond in connection with the first order. Moreover, attached to the record is a certificate of the Clerk of Court of Tangipahoa Parish that "* * * the foregoing one hundred and forty (140) pages do contain *a true and correct transcript of all proceedings had,* and all documents filed and offered in evidence, minutes of Court and testimony taken in the matter entitled Mrs. Cornelia A. Hyde v. David Sims, No. 14502 on the Civil Docket of this Honorable Court." (Italics ours)

For the reasons assigned the motion to dismiss the appeal is denied.