JANVIER, Judge.
This matter is before us on motion of appellee to dismiss the devolutive appeal of defendant.
On August 12, I960, defendant obtained an order for a devolutive appeal to this Court and this appeal was duly lodged. Appellee moved to dismiss that appeal on the ground that, though the order of appeal had been granted on motion during vacation of the District Court, citation of appeal was never prayed for nor issued as required by law. We dismissed that appeal. 127 So.2d 206.
On February 28, 1961, appellant obtained a second order for devolutive appeal returnable to this Court on April 6, 1961. The record was duly lodged in this Court, and it is that second appeal which the appellee now seeks to dismiss on the ground that “an appellant is not permitted a second appeal when,-by his own act, he has failed to meet a requirement of law under which his appeal necessarily must have been dismissed.”
In opposition to the motion to dismiss counsel for appellant cites several decisions by which there has been clearly established the rule that, where an appeal has been dismissed because of the failure to cite the appellee, a second appeal may be obtained provided it is within the time limit within which an appeal may be taken.
Counsel for plaintiff-appellee cites Paramount Wood Products Co. v. Colonial Fire Underwriters, 180 La. 886, 158 So. 7, and contends that that decision is authority for the view that there has been an abandonment of the first appeal, and that, consequently, there is no right to a second appeal. In that case the appellant filed appeal bonds on which there were sureties, which were found to be insufficient. The appeal was ordered dismissed by the District Court “unless saved by timely filing of a -good and sufficient appeal bond.” The Court then stated that the appellant “had four judicial days in which to prevent the dismissal of the appeals by furnishing new bonds with sufficient surety,” and that since the new bonds had not then been furnished, it was px-oper to hold that the appellant had abandoned the appeal.
*263 In Thompson v. Bamburg, 231 La. 1082, 93 So.2d 666, the appellant failed to furnish the necessary bond. The Supreme Court held that the failure to furnish the bond evidenced an abandonment of the appeal. To the same effect see Lewis v. Federal Land Bank of New Orleans, 183 La. 724, 164 So. 780.
In Rooney v. Checker Cab Company, 4 La.App. 173, this Court, then the Court of Appeal for the Parish of Orleans, said:
“Where a suspensive and devolutive appeal is completed by the filing of bond, failure to file the transcript in the appellate court on the return day is an abandonment of appeal and appellant may not thereafter prosecute a second appeal under another order of appeal subsequently granted. * * * ”
In that case this Court cited numerous other decisions to the same effect.
However, a search of our jurisprudence on the subj ect discloses that there is a distinction between an abandonment of an appeal and the failure to take some preliminary intermediate step where an appeal is attempted. Under this line of decisions it has been held and is now well established that, where the failure consists merely of overlooking some intermediate step, there is no abandonment and a second appeal may be obtained even though the first has been dismissed.
In McGaw v. O’Beirne, 126 La. 584, 52 So. 775, 776, the Supreme Court considered a motion to dismiss a second appeal where the first appeal had been dismissed “because it was made on a motion at an ensuing term without citation to the ap-pellee.” The Supreme Court quoted with approval the following language from Dugas v. Truxillo, 15 La.Ann. 116:
“That appeal was dismissed on motion of the appellees, and cannot be considered as an abandonment of the appeal by the appellants. The second appeal having been taken within the year, is valid under the authority of the case of Smith v. Vanhille, 11 La. 380, 382.”
To the same effect, see Hyde v. Sims, 221 La. 1088, 61 So.2d 881, and State v. Salmen Brick & Lumber Co., 149 La. 968, 90 So. 273, and Resweber v. Jacob, 229 La. 355, 86 So.2d 64, 65. In each of the last two cases the Supreme Court was presented with the argument that the first appeal should not be dismissed because the appellant- would have the right to immediately apply for a second appeal and that, therefore, as stated in Resweber v. Jacob, supra, the dismissal of the first appeal “would accomplish nothing other than a delay in proceedings and expenditure of additional costs, * * * ” as the appellant had remaining additional time sufficient “to take another devolutive appeal.” The Court in effect recognized the fact that a second appeal might be taken but said that this did not require that the first appeal be maintained. The same argument was presented in State v. Salmen Brick & Lumber Co., supra, and the Court said [149 La. 968, 90 So. 274]:
“Appellant asks that, in the event we should dismiss the appeal, the right to renew it be reserved.”
That statement had reference to the first appeal. The Court said:
“This is unnecessary. Whatever right the appellant may have, in this respect, exists independently of such reservation.”
As a result of all of these decisions we conclude, as already stated, that where citation is necessary, the failure to cite the appellee requires the dismissal of the appeal, but that in such situation a second appeal may be taken if applied for within the time limit provided by law.
Accordingly the motion to dismiss the appeal is overruled.
Motion denied.