BAILES, Judge.
This is an appeal by Garland Bryant from the ruling of the Civil Service Commission of the State of Louisiana summarily dismissing his appeal from the alleged illegal discharge from his job with the Young Memorial Vocational-Technical School at Morgan City, Louisiana.
By letter dated March 2, 1966, plaintiff was dismissed from his job by M. W. Finuf, Jr., director of the said school. His job classification was that of Maintenance Repairmen II. His dismissal was effective March 4, 1966.
Plaintiff, through his counsel, addressed the following letter to the Civil Service Commission on March 15, 1966:
“Please be advised of my representation of Mr. Garland Bryant, who by this letter places the Commission on notice of his appeal from the dismissal of his person from the position of Maintenance Repairmen II at the Young Memorial Vocational-Technical School, effective at the close of the business day, March 4, 1966.
“The dismissal of Mr. Bryant apparently is based wholly upon the unsupported statements of Mr. Elton Breaux as related to Mr. M. W. Finuf, Jr., Director of the institution. Mr. Bryant’s dismissal is believed to be result of personal differences between himself and Mr. Breaux. Mr. Bryant emphatically denies the charges of drunkenness or bring (sic) in a drunken condition while on the job and. further stated that he performed the duties of his employment with interest and in a workmanlike, efficient and satisfactory manner.
“Mr. Bryant denies that there is. justifiable cause for his dismissal and denies that he committed any overt act or deed *159 while engaged in his employment which would warrant his absolute dismissal from service.
“Mr. Bryant, through the office of the writer requests a hearing before the Commission in accordance with Chapter 13.-10 and 13.11 of the Civil Service Rules. Please advise me of the date, time and place of the hearing on this appeal.
“Copies of all letters or notices in my possession, informing Mr. Bryant of his dismissal are attached hereto and are made a part of this application for appeal.”
The appellee filed a request or letter motion with the Civil Service Commission on March 29, 1966, for summary dismissal of the appeal of Mr. Bryant on the grounds that:
“The written notice of appeal fails to state the mailing address of the appellant (13.11(c) of the Civil Service Rules).;
“Appellant has failed to give a clear and concise statement of his complaint; more particularly, he has failed to deny drunkenness on the dates stated in the letter of dismissal. (13.11(d) and (e) of the Civil Service Rules.), and
“Appellant has failed to state the relief he seeks. (13.11(g) of the Civil Service Rules.)”
In sustaining the motion for summary dismissal of the appeal, the Civil Service Commission, in its opinion, ruled it “found no substance in the first two grounds of the request for dismissal.” however in its ruling on the third ground stated:
“ * * *
“The only relief that appellant requested was ‘ * * * a hearing before the Commission * * * ’. We cannot assume the relief that an appellant seeks.
“To illustrate the difficulty, we have but to point to a portion of the letter of appeal in which it is stated that the appellant ‘ * * * denies that he committed any overt act or deed while engaged in his-employment which would warrant his absolute dismissal from service.’. Is the appellant suggesting to us that the relief he-wants is some punishment less than absolute dismissal? We cannot of course speculate on this. The rule was drawn' in plan and unambiguous language and we" have as consistently held appellants to the' requirement of a statement of the relief sought as we have held appointing authorities to the requirement of specify--ing the grounds for discharge.
“Counsel for appellant offered to file at the hearing an amendment to the letter of’ appeal but we ruled that the filing was-not admissible. The time for the taking1' of an appeal is thirty (30) days (Rule 13.-12), and that which comes after the ex--piration of the thirty (30) days is not', timely filed
“The appeal is, therefore, dismissed.”
Appellant appeals from this ruling of the' Civil Service Commission.
We find this appeal presents for our de--termination the question of whether the appellant’s appeal was properly dismissed under the rules of the Civil Service Commis-sion. The rule in question is Rule No.-13.11 which states that a notice of appeal' must state the relief the appellant seeks. It was the Commission’s conclusion that the-latter appeal of appellant did not set forth-the relief the appellant sought by the appeal.-
The Civil Service Commission has-the constitutional authority to adopt and enforce rules which shall have the effect of law. The Constitution of this state, in Article 14, Section 15(1) provides: “There is-vested in the State Civil Service Commission * * * the authority and power * * * to adopt, amend, repeal and enforce rule's-which shall have the effect of law, * * * including, but not by way of limitation,, rules, * * * (8) fixing the procedure, the time within which appeals must be taken, and all other matters pertaining to- appeals; * * *»
*160 In the application of its rules regarding an appellant’s compliance with the rule requirement that he must set forth the relief he sought by the appeal, we find the whole letter must be considered and a fair import be given to the general tenor thereof. We find from a reading of the letter appeal that the appellant was appealing his dismissal from his job and that he desired to be reinstated. A fair interpretation of his letter would lead us to conclude that had he desired any relief short of full restitution to his j ob, he would have so stated.
A reviewing authority is not justified in dismissing an appeal unless clearly justified in law. Appeals are favored in law, and unless the ground for the dismissal is entirely free from doubt, the appeal should be sustained.
In Emmons v. Agricultural Insurance Company (1963) 245 La. 411, 158 So.2d 594, the Supreme Court stated:
“[1-3] Appeal is the exercise of the right of a party to have a judgment of a trial court revised, modified, set aside, or reversed by an appellate court. LSA-C.C.P., Article 2082. Appeals are favored and aided by the courts. Succession of Tullier, 216 La. 821, 44 So.2d 880; Vidrine v. American Employers Ins. Co., La.App., 129 So.2d 284. The law is too well settled to require the citation of authority that appeals are favored in the law, must be maintained wherever possible and will not be dismissed for technicalities. Sam v. Deville Gin, Inc., La.App., 143 So.2d 838. Unless the ground for dismissal is free from doubt an appeal will be sustained. Police Jury of Parish of St. James v. Borne, 192 La. 1041, 190 So. 124.”
For the foregoing reasons, the ruling of the Civil Service Commission dismissing the appeal of Garland Bryant, appellant herein, is reversed, and the matter is remanded to the Civil Service Commission for hearing of the appeal in accordance with law.
Reversed and remanded.