No. 390

First Circuit

## GRAVET v. GONSOULIN

(January 9, 1929. Opinion and Decree.)
(March 6, 1929. Rehearing Refused.)
(March 25, 1929. Writ of Review denied by Supreme Court.)

L. A. Goudeau, of Niblett, attorney for plaintiff, appellant.

Porteous R. Burke, of New Iberia, attorney for defendants, appellees.

ELLIOTT, J. Mrs. Dorcienne Gonsoulin Gravet, wife of Jules Gravet, claims the ownership of an interest in two-thirds of Section 28 T. 17 S. R. 10 East, and Section 19 T. 11 S. R. 11 East La. Meridian, known as Belle Isle, situated in the Parish of St. Mary, based on descent from her ancestors, Jean Francois Gonsoulin, who departed this life in the Parish of St. Martin in 1819, and his wife, Marie Celeste de la Gautrais, who departed this life in the same parish between 1830 and 1835.

She alleges that the succession of Jean Francois Gonsoulin was opened by his widow, Marie Celeste de la Gautrais in the Parish of St. Martin in January, 1823. That on July 8, 1854, Jean Baptiste Gonsoulin, son of Jean Francois Gonsoulin and Marie Celeste de la Gautrais, both

at the time deceased, filed in their successions in the Parish of St. Martin, a tableau of distribution and partition of their estate. That notice was duly given by publication of the filing of said account and that no opposition was made thereto. That said tableau of distribution and partition was duly homologated. That the heirs of said parties were recognized by the court as the owners of said property and placed in possession of the same. That their successions were fully administered, accepted by the heirs according to said tableau of distribution and partition and the administration closed. A certified copy of the notice published giving notice of the filing of said account was annexed to and made part of the petition.

That on November 27, 1927, Adrien Gonsoulin filed in the District Court in the Parish of Iberia a petition in which he alleges himself as one of the heirs of Jean Francois Gonsoulin and Marie Celeste de la Gautrais, his wife. That there were debts due by their estates which necessitated an administration. That the court believing his representation to be true, ordered that an inventory be made. The above described property was inventoried and the said Adrien Gonsoulin was in due time appointed administrator of said estates. That letters as administrator issued to said Adrien Gonsoulin from the court in the Parish of Iberia on February 26, 1918, and on the same day, he filed a petition in said court praying to be allowed to sell all the property inventoried for the purpose of paying the alleged debts of said succession. That an order issued to him on the same day from said court authorizing the sale, and pursuant thereto a two-thirds interest in said property, was, on April 6, 1918, after due advertisement, adjudicated by said Adrien Gonsoulin to himself and to Mrs. Branch K. Miller.

That subsequently the said Adrien Gonsoulin and Mrs. Branch K. Miller instituted monition proceedings in the District Court of the Parish of Iberia, the object and purpose of which was to homologate and confirm their said titles; and on May 30, 1922, a judgment was rendered in said proceedings homologating and confirming the same.

She alleges in her petition that said succession proceedings had in the Parish of Iberia, together with the order of sale, and the sale made to Adrien Gonsoulin and Mrs. Branch K. Miller, and the said monition proceedings and judgments therein rendered are all absolute and incurable nullities, for the reason that the court, in the Parish of Iberia, had no jurisdiction ratione materiæ. That said John Francois Gonsoulin and Marie Celeste de la Gautrais were, at the time of their deaths, both residents of, and domiciled in the Parish of St. Martin. That their succession had been opened, administered and closed, their heirs recognized as owners, and placed in possession of said property by the judgment of the court in the Parish of St. Martin long before the Parish of Iberia was created. That therefore the court in the Parish of Iberia was without authority and without jurisdiction ratione materiæ to entertain said proceedings.

The petition prays that the entire proceedings had in the successions of Jean Francois Gonsoulin and Marie Celeste de la Gautrais in the Parish of Iberia, and the judgment rendered in said monition proceedings, be all held to be absolutely null and void on said account. It is not prayed that the interest of the petitioner in said land be recognized and fixed, but there is a prayer for all such orders and decrees as may be necessary in the premises and for full and equitable relief.

The defendants, Adrien Gonsoulin and Mrs. Branch K. Miller, excepted to plaintiff's demand on the ground that her petition disclosed no cause of action and that the issues raised in her petition had been adjudicated and constituted res adjudicata. The exception of no cause of action was overruled, but that of res adjudicata was referred to the merits.

The defendants then filed pleas of prescription of 1, 2, 3, 5 and 10 years and by separate plea filed at the same time, urge that plaintiff was estopped from attacking said succession and monition proceedings had in the Parish of Iberia. The questions raised by these pleas were submitted to the court for judgment on an agreed statement of facts and on the records of the succession and monition proceedings had in the Parish of Iberia.

The district court sustained the exceptions of prescription and the plea of estoppel and dismissed the suit. The plaintiff has appealed.

For the purpose of reviewing the case, we have before us only the record of the plaintiff's suit in the Parish of Iberia, the agreed statement of facts, succession proceedings, and monition suit had in the Parish of Iberia. According to the agreed statement of facts, record of the succession of Jean Francois Gonsoulin and Marie Celeste de la Gautrais, as opened, administered and closed in the Parish of Iberia, and monition proceedings instituted in the same parish, plaintiff's father, through whom she claims by inheritance, requested Adrien Gonsoulin, defendant, to give his attention to the lands left by his above named ancestors and to administer same, and their successions were accordingly opened in the Parish of Iberia in 1917. After her father's death which took place

in 1901 or 1903, plaintiff, as his heir, also as an heir of her predeceased mother, acquiesced in the appointment of Adrien Gonsoulin as administrator in the Parish of Iberia, and contributed funds on various occasions to assist him in meeting expenses incurred by his administration. Plaintiff, at the time of the trial was between sixty-five and seventy years of age and has always resided with her son Henry Gravet in the Parish of Iberia. Henry Gravet was a regular subscriber to the New Iberia Enterprise prior to 1917, and was continuously afterwards until his death. The proceedings in the successions of Jean Francois Gonsoulin and of Marie Celeste de la Gautrais, were duly published in the paper mentioned during the time he was a subscriber for the same. Jean Francois Gonsoulin departed this life in the Parish of St. Martin about 1819, and Marie Celeste de la Gautrais, his wife, died in the same parish about 1830 or 1835. The Parish of Iberia was carved out of the Parishes of St. Martin and St. Mary in 1868, and when it was created, the place where Jean Francois Gonsoulin and his wife lived at the time of their death, became a part of the Parish of Iberia.

The agreed statement of facts, succession records, and monition proceedings in the successions of Jean Francois Gonsoulin and wife in the Parish of Iberia make no mention of plaintiff's averments that the successions of Jean Francois Gonsoulin and of Marie Celeste de la Gautrais, his surviving widow, were opened and administered in the Parish of St. Martin, a tableau of distribution and partition therein filed and homologated, their heirs sent into possession of the property, and the administration closed in the Parish of St. Martin in 1854. This allegation is the only attack in plaintiff's petition, which involved the right and power of the district court in the Parish of Iberia to open and authorize an administration and sale of the property belonging to these estates in 1917, and to subsequently confirm the proceedings by monition. As plaintiff's allegations on this subject are not admitted in the agreed statement of facts, and as no reference is made to same in the succession and monition proceedings had in the Parish of Iberia, we cannot regard these averments as admitted facts. The averments, which plaintiff urges as showing want of jurisdiction ratione materiæ in the district court in the Parish of Iberia, cannot therefore be regarded. It results that we cannot presume that the debts alleged to exist in the succession proceedings in the Parish of Iberia in 1917, were necessarily all post mortem matters.

The certified copy of notice of the filing of a tableau of distribution and partition in the estate of Francois Gonsoulin in the Parish of St. Martin in July, 1854, annexed to plaintiff's petition in this case is a matter of fact, taken out of the case by the agreed statement of facts and records on which the case was submitted to the court. The only succession and administration proceedings in the estates of Jean Francois Gonsoulin and Marie Celeste de la Gautrais, established to have taken place, are those opened and had in the Parish of Iberia in 1917. The place where Jean Francois Gonsoulin and Marie Celeste de la Gautrais resided and had their domicile at the time of their death, was in 1917, in the Parish of Iberia. So far as the facts before us show, there has never been any previous succession and administration proceedings in the Parish of St. Martin, as claimed by the plaintiff. And, as the proceedings in the Parish of Iberia were instituted and carried on at the instance of plaintiff's father through whom she claims by inheritance, and as plain-

tiff herself acquiesced in same after his death and after the death of her mother and contributed to their existence after her rights accrued, it follows that said proceedings are not null and void, but valid, and were properly confirmed by the monition. And it follows as a further consequence that defendant's pleas of acquiescence, estoppel and prescription of five years, urged against plaintiff's demand, were properly sustained.

The monition proceedings homologated by the judgment of the district court on May 30, 1922, were brought before this court on appeal, and on the 12th day of December, 1923, this court rendered judgment affirming the judgment appealed from.

Adrien Gonsoulin was an heir of the decedents and therefore had the right to buy. C. C., art. 1148 (amended Act 197 of 1912).

Under the Revised Statutes of 1870, Sections 2375 and 2376 the judgment rendered in the monition proceedings constituted res adjudicata as to plaintiff.

For these reasons the judgment appealed from sustaining the plea of estoppel and the prescription of five years is affirmed. The plaintiff and appellant to pay the cost in both courts.

————

ON APPLICATION FOR REHEARING.

LECHE, J. Francois Gonsoulin and his wife Marie Louise de la Gautrais are said to have departed this life about one hundred years ago, the former in 1819 and the latter in 1830, owning at the time of their death, a one-third interest in 1218.75 acres of land known as "Belle Isle." The land is now included within the limits of the Parish of St. Mary. Francois Gonsoulin and his wife lived and died in the Parish of St. Martin. The Parish of Iberia was created by an act of the Legislature approved October 30, 1868, and was formed from parts of the Parishes of St. Martin and St. Mary and it is not disputed that the location of the home occupied by Francois Gonsoulin and wife, where they resided and died, is now within the limits of the Parish of Iberia.

It is also unquestioned that plaintiff is a descendent of Francois Gonsoulin and wife. She claims to be an heir of the said Gonsoulin and wife and also an heir of St. Clair Gonsoulin, who she says became the owner of another third of the 1218.75 acres of land known as Belle Isle, so that she claims as heir of both Francois and St. Clair Gonsoulin, her heritable portion in two-thirds of the property. What the proportionate part of her inheritance amounts to, is difficult to state exactly, but she alleges it to be worth seven hundred and fifty dollars and that allegation is not in dispute.

The question of possession of the land is not an issue in the case, and while there is no evidence upon that subject in the record, we assume that the land is swampy and not susceptible of occupancy or corporeal possession.

It is not alleged or shown who controlled this property, who administered it or who looked after the payment of taxes due upon it, from the time of the deaths of Francois Gonsoulin and wife, and of St. Clair Gonsoulin, until about the year 1900, when it is admitted that plaintiff's father, Alcide Gonsoulin, who died about the year 1901, and numerous other heirs of Francois Gonsoulin asked Adrien Gonsoulin to give his attention to the lands of Francois Gonsoulin and to administer the same.

It is admitted that plaintiff who at the time the case was tried in the district court, was between 65 and 70 years of age, acquiesced as heir of her predeceased father and mother in the appointment of Adrien Gonsoulin and that she contributed funds at the request of Adrien Gonsoulin to assist in meeting expenses of administering the property and that her last contribution was in the year 1903.

It seems that about this time the succession of Francois Gonsoulin or his heirs were engaged in litigation in the Federal courts about matters which affected the interests of the succession either in these or other lands, the nature of which is not clearly shown, and that this litigation terminated about the year 1905. Adrien Gonsoulin who was acting as administering agent for the succession, the heirs and especially for plaintiff in this case, had incurred heavy expenses for attorney's fees, costs and numerous incidentals, wished to be reimbursed the moneys he had advanced and to pay the debts which he had incurred in his capacity as agent for the succession and the heirs.

It is admitted that the heirs and descendants of Francois Gonsoulin numbered at the time several hundred, were scattered in many parishes of the State of Louisiana as well as several other states of the Union and that among them were numerous minors. Under these conditions, Adrien Gonsoulin applied to be appointed administrator of the succession on December 30, 1926. His application was published and he was in due time appointed and he qualified as administrator. The records of these proceedings were lost and after diligent search could not be found. On November 24, 1927, Adrien Gonsoulin again applied for appointment as administrator and again qualified as such. In due course, the interest of the succession in the lands known as Belle Isle was ordered sold to pay debts, and was adjudicated to him and to Mrs. Branch K. Miller, who are defendants in this case.

On January 9, 1922, Adrien Gonsoulin and Mrs. Branch K. Miller then applied to the dictrict court for a monition. That proceeding was opposed by many of the heirs of Francois Gonsoulin, though the plaintiff was not one of the opponents. After due trial and hearing, the monition was finally granted and homologated.

The present suit was instituted by plaintiff on the 13th of March, 1928, and its purpose is to have decreed as null and void, the proceedings had, the order of sale and the sale made thereunder to Adrien Gonsoulin and Mrs. Branch K. Miller, and to annul the judgment rendered in the monition proceedings taken in said succession of Francois Gonsoulin and his wife, for the reason that the court sitting for the Parish of Iberia, was without jurisdiction ratione materiæ, of the subject matter.

Defendants filed numerous exceptions to the plaintiff's petition and her demand was rejected on the ground that she is estopped from attacking these proceedings and on the further ground that her demand is prescribed by the prescriptions of one, five and ten years.

That judgment was affirmed by this court (119 So. 785) and plaintiff has filed a motion for rehearing.

Plaintiff seems to pitch her case on the proposition that because the domicile of Francois Gonsoulin and his wife were included within the territorial limits of the Parish of St. Martin when they died, therefor the only court that had jurisdiction of their succession is the court sitting for the Parish of St. Martin. The act creating

the Parish of Iberia in the year 1868 provides in Sections 8 and 9, that the records of cases wherein the defendants became residents of the Parish of Iberia under the terms of the act, should be transmitted to the latter parish. These sections of the act were enacted to protect the right of everyone to be sued at his domicile. A fortiori do they hold good in regard to successions which should be opened and administered under the jurisdiction of the court having jurisdiction over the domicile of the deceased.

Annexed to plaintiff's petition is a document purporting to be a certified copy of a notice of a tableau of distribution and partition of the estate of Francois Gonsoulin, of date July 4, 1854. From this document plaintiff contends in argument, that the succession of Francois Gonsoulin had been opened, administered and closed in the Parish of St. Martin, and therefore could not again be opened in the Parish of Iberia. Conceding the truth of the fact contended for by the plaintiff, it is nevertheless also true and admitted by her as a fact, that about the year 1900, her father through whom she claims to be an heir of Francois Gonsoulin, asked Adrien Gonsoulin to look after and administer the lands belonging to that succession, that she acquiesced in this and even at first contributed towards paying the expenses of such administration. It is also true that Adrien Gonsoulin administered said property and that in order to pay the expenses of such administration he was compelled to open the succession. That he first opened it in 1906, filed additional proceedings in 1917, and finally terminated his administration in 1922 or 1923. During all of these years plaintiff resided within the Parish of Iberia. The proceedings commenced by her agent Adrien Gonsoulin, were conducted openly, necessary legal notices appeared in the official paper of the Parish of Iberia and there is not a breath of suspicion as to the honesty of the motives actuating Adrien Gonsoulin and the faithful performance of his gestion as administrator and agent of the heirs and especially of the plaintiff.

It seems to us that it would be unconscionable to permit plaintiff who filed the present suit in 1928, after such a long period of inaction, to attack as null and void the acts performed by her agent in her behalf and for her benefit. It makes no difference whether Adrien Gonsoulin's authority was vested in him by law or by the consent of the plaintiff. She is equally bound in either event and is now estopped from questioning that authority. The case referred to by counsel, Clemens vs. Comfort, 26 A. 269, and upon which plaintiff places great reliance, is not in conflict with our judgment in this case. The facts in Clemens vs. Comfort are the same as in the case of Mrs. Julia Scott and Husband vs. The World, reported in the same annual a few pages further, at page 285. It appears that Elijah W. Groves, an uncle of the minor heirs of Horace Groves, and not acting with any authority on behalf of the minors, knowing that Horace Groves' succession had been opened and settled in the Parish of Madison, fraudulently caused the succession to be again opened in the Parish of Tensas which was by an act of the Legislature formed from part of the Parish of Madison, in order to despoil the minors of their rights to certain property. Such were the facts reeking with fraud underlying that litigation. The decisions in these two cases condemn the conduct and actions of Elijah W. Groves as conceived and carried out for a fraudulent purpose, while in the case at bar the doings of Adrien Gonsoulin were with the actual or

implied authority of the plaintiff, complainant, and were performed in good faith and for an honest purpose.

The want of jurisdiction which plaintiff characterizes as jurisdiction *ratione materiae*, is really *ratione personae* and that may be waived.

It appears to us that plaintiff by her conduct and inaction, has not only waived such jurisdiction, but has ratified the doings and actions of her agent and she is now estopped from attacking them.

Her application for a rehearing is therefore refused.