ODOM, Justice.
 

 The case of Buillard et al. v. Davis et al., was decided by this court April 27, 1936, and rehearing was denied May 25, 1936. 185 La. 255, 169 So. 78, 86. The case was remanded to the lower court to be proceeded with according to law and consistent with the views therein expressed.
 

 When the case went back to the district court the following named persons, Miss Marie Grivat, Rene Verrett,
 
 Sully
 
 Provost, Mrs. Elmire Provost St. Mary, Sidney Provost, Miss Aurelie Provost, Mrs. Eva Gonsoulin Moresi, Mrs. Corinne Gon-soulin Carlos, Fernand Gonsoulin, Sidney Gonsoulin, St. Maurice Provost, Alfred Gonsoulin, Jr., Mrs. Lucie Dugas Gon-soulin, Mrs. Mathilde Dugas Maraist, Fergus Dugas, Mrs. Camelia Provost Pellerin, and Mrs. Irma Verrett Durand, who are plaintiffs in the suit, were ruled by the defendants in the suit to show cause why their names should not be stricken from the record as plaintiffs. The contention of the plaintiffs in rule, defendants in the suit, was that they had been eliminated as parties to the suit by our former opinion and decree.
 

 In the course of our opinion we said:
 

 ‘We therefore conclude that the judgments in the case of Mrs. Dorcienne G. Gravet v. Adrien Gonsoulin et al., supra [10 La.App. 553, 119 So. 785, 120 So. 643], and of Mrs. Annette Durand Vuillemot et al. v. Adrien Gonsulin [sic] et al., supra [17 La.App. 661, 134 So. 419], are binding on the respective parties thereto and operate as a complete bar to plaintiffs herein who were also parties plaintiff in said suits from further contesting the validity of the proceedings in the succession of Francois Gonsoulin and his wife, Marie Louise Celeste de la Gautrais, No. 2095 of the probate docket of the parish of Iberia.”
 

 That portion of our decree which relates to this holding reads as follows:
 

 “The plea of estoppel filed by the de-' fendants, in so far as the parties plaintiff who were also parties plaintiff in the case of Gravet v. Gonsoulin et al., 10 La.App. 553, 119 So. 785, 120 So. 643, and in the case of Vuillemot et al. v. Gonsulin et al., 17 La.App. 661, 134 So. 419, are concerned, is sustained.”
 

 In answer to the rule, the parties named as defendants therein admitted that they were plaintiffs in the two cases decided by the Court of Appeal, First circuit, reported in 10 La.App. 553, 119 So. 785 (on rehearing 120 So. 643) and 17 La.App. 661, 134 So. 419, but alleged that the opinion and decree show that they have no application “as an estoppel to the issues involved in the case at bar, i. e., the question of title in a petitory action” such as was brought in the case at bar; that the meaning of the opinion and decree is that they are es-topped “from further contesting the validity of the proceedings in the succession of Francois Gonsoulin and his wife, Marie Louise Celeste de la Gautrais, No. 2095 of the probate docket of the parish of Iberia,” or “otherwise from again filing or
 
 *41
 
 prosecuting' any other action of nullity in the District Court of the parish of Iberia,” with the object “to set aside the proceedings in the succession of Francois Gonsoulin and his wife, bearing No. 2095 on the probate docket of the parish of Iberia”; that the opinion and decree went no further and cannot be construed to operate as an “estoppel in any other action in any other court or jurisdiction claiming title to the property.”
 

 The rule was made absolute by the district court and the names of the defendants in rule were ordered stricken from the pleadings. They appealed.
 

 There seems to be confusion as to the meaning of that part of our decree which relates to estoppel. In fact, counsel for defendants in rule argue that the decree in this respect is not consistent with the opinion. There should be no confusion. The decree is entirely consistent with the opinion on this point. We have quoted above that portion of our opinion which relates to the plea of estoppel in so far as these particular parties are concerned, and also quoted that portion of our decree which relates to the plea of estoppel.
 

 Briefly stated, the facts are that the succession of Francois Gonsoulin and his wife was opened in the parish of Iberia about 1922, when Adrien Gonsoulin was appointed administrator. The only property inventoried as belonging to the succession was an undivided two-thirds interest in 1218.75 acres of land in the parish of St. Mary. This land, that is, the two-thirds interest in the tract, was sold by order o.f the court to pay debts and was purchased by the said Adrien Gonsoulin, administrator, who claimed to be an heir of the deceased, and Mrs. Alice G. Miller. Seven years after the sale, the parties named as defendants in rule in the present proceeding.brought two suits in the parish of Iberia to set aside the succession proceedings and the sale of the land, the ground of attack being that the district court of Iberia parish, where the succession was opened, was without jurisdiction to appoint an administrator. Whether the district court of Iberia parish had jurisdiction or not is beside the question. It was held in each of the cases that the plaintiffs in those suits were estopped from contesting the proceedings because they were present in the parish when the application of Adrien Gonsoulin to be appointed administrator was filed and advertised, and when the sale was' advertised and made; that they personally knew about the proceedings and in fact had encouraged and assisted the administrator both before and after his appointment. A complete history of all the proceedings and the reasons for their .rulings is set out by the judges of the Court of Appeal, First circuit, in the two cases mentioned in our decree. In each of the cases it was held that the plaintiffs therein, because of their conduct and acquiescence, were in no position to dispute the validity of the succession proceedings, including the sale of an undivided two-thirds interest in the 1,200-acre tract of land, which sale was made by the administrator under an order of court, and that the plea of estoppel filed by the purchasers of the land, who were defendants in the suits, was good and was
 
 *43
 
 sustained. In each of those cases plaintiffs in the suit applied to this court for writs, which were refused. The judgments rendered in those cases became final long before the suit of Buillard et al. v. Davis et al. was filed.
 

 The suit of Buillard et al. v. Davis et al., the suit which we recently decided,' is a petitory action brought in the parish of St. Mary, where the land is situated, and among the numerous plaintiffs are the same ones who were plaintiffs in the two Court of Appeal cases which we mentioned in our decree. When this petitory action was filed the defendants pleaded estoppel against all those who had been plaintiffs in the former suits, the grounds for estop-pel being the same as were urged in the former suits.
 

 What we meant by our decree as relates to the plea of estoppel is just what we said — that is, _ that the parties plaintiff in the case of Buillard et al. v. Davis et al. who were plaintiffs in the two Court of Appeal cases are estopped to contest further the validity of the succession proceedings, including the order to sell and the sale made thereunder of the property which was inventoried and sold as the property of the decedents. They cannot again be heard to raise and litigate issues which they raised and lost in the two former suits. The suit of Buillard et al. v. Davis et al., being a petitory action filed in the parish of St. Mary, where the land involved is situated, counsel for appellants in the present proceeding by rule contend that their former suits filed and prosecuted in the parish of Iberia and the proceedings had in that parish do not estop them from going into court in another parish where the property is situated and contesting the validity of the title there. We find no merit in this contention, because they are attempting to do in the parish of St. Mary just what they attempted to do in the parish of Iberia, where the succession proceedings were carried on. Their cause of action in the parish' of St. Mary is precisely the same as that which they set out in the former suits.
 

 We find no error in the judgment rendered in the present proceeding, and it is accordingly affirmed at appellants’ costs.
 

 O’NIELL, C. J., takes no part.