For the reasons assigned, the judgment appealed from is affirmed.

O'NIELL, C. J., does not take part.

PONDER, J., absent.

197 So. 273

**BUILLARD et al. v. DAVIS et al.**

No. 35330.

May 27, 1940.

Rehearing Denied June 28, 1940.

L. A. Goudeau, of Grand Coteau, for plaintiffs-interveners.

687

J. C. Henriques, of New Orleans, for appellees.

HIGGINS, Justice.

This is an appeal by the plaintiffs and the interveners from a judgment of the district court in a petitory action fixing the proportionate interest of the respective co-owners in a tract of approximately 1218.75 acres of land situated in St. Mary Parish and reserving to all parties their respective rights flowing from their ownership in in-division.

The defendants answered the appeal, complaining of certain alleged errors in the judgment, and the plaintiffs and the inter-veners challenged the defendants' rights to question the correctness of the judgment on the ground that the defendants had obtained an order for a devolutive and a suspensive appeal from the judgment and had abandoned the same by failing to perfect the appeal, as they did not file an appeal bond and, therefore, they waived their rights to answer the appeal.

■ The law is well-settled that where an order for a devolutive appeal is obtained by a party against whom judgment has been rendered and the appeal is not perfected by furnishing bond, this litigant has the right to obtain another order for a devolutive appeal and he is not barred from doing so, provided the second devolutive appeal is applied for and perfected within the prescriptive period of one year from the date the judgment was signed. Gresham v. Collier, 128 La. 143, 144, 145, 54 So. 590; Durand v. Landry, 118 La. 711, 43 So. 307; and Bowie v. Davis, 33 La.Ann. 345.

688

■ It inexorably follows from the above principle of law that the right of a party, who has failed to perfect his own devolutive appeal, to answer the appeal taken by his adversary is neither waived nor barred, for it is clear that he is in the same position as if he had never attempted to appeal. Therefore, the defendants are entitled to have the issues presented in their answers to the plaintiffs' and the interveners' appeal decided by this Court.

Counsel for the appellants have referred us to the cases In re Gem Co., Inc., 161 La. 18, 108 So. 110, and In re Gem Co., Inc., 173 La. 934, 139 So. 11. Those decisions are not in point for they hold that where the appellant abandons his appeal he cannot thereafter, in the absence of changed conditions, renew it.

■ The plaintiffs and the interveners, as appellants, contend that the judgment of the trial court is erroneous in recognizing the interests of two of the defendants, Miss Alice G. Miller and Mrs. H. Generes Dufour, in the property.

It appears that the plaintiffs and the interveners in their respective petitions instituting this petitory action, affirmatively alleged that their ancestors in title, the heirs of Mr. and Mrs. Francois Gonsoulin and Clair St. Clair Gonsoulin, transferred to David Todd and Branch K. Miller on January 11, 1904, an undivided one-twelfth interest in the entire property in question. All of the defendants filed exceptions of no right and no cause of action to the plaintiffs' and the interveners' petitions, and in their answer set up a chain of title in themselves adverse to the

title of the plaintiffs and the interveners. These exceptions, as well as other pleas, were sustained by the district judge and the plaintiffs' and the interveners' suit was dismissed and they appealed. We affirmed the judgment of the trial court sustaining these exceptions only insofar as the undivided one-twelfth interest in the land was concerned, because the plaintiffs and the interveners had alleged affirmatively that their ancestors in title had previously transferred the undivided one-twelfth interest in the tract of land to Todd and Miller. Buillard et al. v. Davis et al., 185 La. 255, 169 So. 78, and Buillard et al. v. Davis et al., 188 La. 38, 175 So. 742.

The plaintiffs and the interveners now state that they made the above allegations as to the transfer of the undivided one-twelfth interest to Todd and Miller to show that the heirs of the Gonsoulins had exercised ownership of the property and, therefore, had accepted the successions of the decedents. They further state that the act of sale of this one-twelfth interest was introduced in evidence solely for the purpose of supporting the above allegations of the petition for the aforementioned limited purpose. Their counsel, therefore, argues that the trial judge went beyond the pleadings and created new issues based upon the above allegations in the petition and upon the act of sale which were offered in evidence, in decreeing Miss Miller an owner in her capacity as heir of her father and Mrs. Dufour, as an owner through inheritance from her husband. In short, he complains that the court had no right and authority to recognize Miss Miller and Mrs. Dufour as owners through inheritance of an interest in the property under the allegations and proof placed in the record by the plaintiffs and the interveners after this Court had concluded that the links in the chain of title relied upon by these two defendants in the averments of their answers were absolute nullities. The plaintiffs and the interveners in their petitions did not state that the allegations as to the transfer of the one-twelfth interest in the property to Todd and Miller by their ancestors in title were made for the purpose of merely showing the exercise of ownership by these heirs of the property belonging to the Gonsoulins' successions so as to show their acceptance thereof; nor did they state therein that the alleged transfer to Todd and Miller was in any way illegal or irregular and that they reserved their rights to attack the validity thereof. Consequently, when we sustained the exceptions of no right and no cause of action, the heirs or transferees of David Todd and Branch K. Miller were entitled to show in this case when we remanded it for further proceedings that they were the lawful owners of the undivided one-twelfth interest in the property, and as the trial judge concluded that the record contained sufficient evidence to show that Miss Miller was the heir of her father and Mrs. Dufour was the heir of her husband, we fail to see where the pleadings were enlarged or new issues created against the plaintiffs and the interveners, for they had unequivocally alleged in their petitions that the one-twelfth interest in the land belonged to Todd and Miller.

Furthermore, the appellants in making the above contention entirely ignored the

fact that this Court definitely and finally held that the exceptions of no right and no cause of action were well founded as to the undivided one-twelfth interest transferred to Todd and Miller, and therefore the plaintiffs' and the interveners' petitory action (coupled with the pleas for the nullity of certain probate proceedings) only involved the eleven-twelfths or the remainder of the tract of land.

■■ ` The defendants, in their answer to the appeal, assign as the first error in the judgment of the lower court that the trial judge failed to follow our decrees in the cases of Buillard et al. v. Davis et al., reported in 185 La. 255, 169 So. 78, and 188 La. 38, 175 So. 742, wherein we declared that the plaintiffs and the interveners having alleged in their original petitions that an undivided one-twelfth inter-·est in the whole of the property had been conveyed by the heirs of Mr. and Mrs. Francois Gonsoulin and Clair St. Clair Gonsoulin (plaintiffs' and interveners' predecessors in title) to their attorneys David Todd and Branch` K. Miller, the defendants' exceptions of no right and no cause of action were well founded insofar as this undivided one-twelfth interest in the entire property in controversy was concerned, and that the plaintiffs' and the interveners' petitory action was, therefore, limited to the recovery of the remaining undivided eleven-twelfths interest in the entire property. The error of the judge of the lower court is said to consist of the fact that he refused to grant unto the defendants this undivided one-twelfth interest in the whole of the property but decreed the heirs. of Todd and Miller, re-

spectively, to be the owners of an undivided one-half of an undivided one-twelfth each of only the interest of certain particular named Gonsoulin heirs, who were alleged to have transferred a part of their interest to Miller and Todd, as their attorneys' fee for recovering the same property in a suit by these heirs against the Gulf Refining Company.

We did not base our judgments ·in· the two cited opinions upon any transfer that was made by any particular heirs to Miller and Todd, but rested our judgments up-·on the exceptions of no right and no cause of ·action on the ground that the appellants now before the Court, who were the plaintiffs and the interveners in the cases decided in 185 La. 255, 169 So. 78, and 188 La. 38, 175 So. 742, supra, alleged affirmatively in their original petitions that the heirs of Francois Gonsoulin and his wife, Marie Louise Celeste de la Gautrais, and Clair St. Clair Gonsoulin had conveyed to their attorneys an undivided one-twelfth interest in the whole of the property in controversy and that, therefore, their petition only disclosed a cause of action for an undivided eleven-twelfths interest in the land. Our learned brother below should have decreed that the heirs of David Todd and their transferees were the owners of an undivided one-half of an undivided one-twelfth interest in the entire property and that the heirs . of Branch K. Miller and their transferees were the owners of an undivided one-half of an undivided one-twelfth interest in the entire property. The issue before the trial judge was not whether the questions presented by the exceptions of no right and no cause of ac-

tion in the two former appeals were correctly decided by this Court, for those judgments were res judicata as to the rights of the respective parties litigant with reference thereto.

The second alleged error pointed out in the answer to the appeal is that the trial ·judge, in limiting the defendants' sustained plea of estoppel to an undivided one-third interest in the property, failed to follow the decrees of this Court in this matter reported in 185 La. 255, 169 So. 78, and 188 La. 38, 175 So. 742, supra, wherein we maintained the plea of estoppel as to an undivided two-thirds interest in the tract of land.

In the two opinions and decrees above referred to we held that the plea of estoppel filed by the defendants as to an undivided two-thirds interest in the property in controversy with reference to those parties who were plaintiffs in the two cases decided by the Court of Appeal of the First Circuit (Gravet v. Gonsoulin et al., 10 La. App. 553, 119 So. 785, rehearing 120 So. 643, and Vuillemot v. Gonsulin, 17 La.App. 661, 134 So. 419) was well founded and it was sustained.

In the Gravet and Vuillemot cases, supra, the plaintiffs (who are some of the plaintiffs and the interveners and appellants in the instant case) attack the sale of an undivided two-thirds interest in this tract of land which was made to Adrien Gonsoulin and Mrs. Branch K. Miller by an administration adjudication in the Succession of Francois Gonsoulin and his wife. The property was inventoried and sold therein as an undivided two-thirds inter-

est in the land now in controversy. The Court of Appeal in these two cases refused to set aside and annul this sale of the undivided two-thirds interest in the land, and we denied the plaintiffs' application for writs.

In the previous appeals to this Court, we held that those two decisions estopped these particular heirs or litigants from further attacking the sale of the undivided two-thirds interest in the property as a nullity because those issues had already been finally determined and the basis of the petitory action was the same alleged· nullity previously urged. The trial judge was of the opinion that as Mr. and Mrs. Francois Gonsoulin only owned a one-third interest in the property, which was erroneously inventoried and sold as an undivided two-thirds interest, the estoppel could only affect that one-third interest. In doing this, he overlooked the fact that in the Gravet and Vuillemot cases, supra, these particular parties as heirs sought to have the sale of this undivided two-thirds interest, which they alleged they owned in this property, set aside and that the judgment therein had been adverse to them and consequently the matter was res judicata as far as they were concerned.

The answer to the appeal also alleges several other different errors in the judgment of the lower court flowing from the two errors pointed out by us above in connection with our former decrees on the exceptions of no right or cause of action and the pleas of estoppel. Insofar as the two errors which we have found · in the judgment of the court below in any way prejudice the interests of the defendants

and are favorable to the interests of the plaintiffs and the interveners affected thereby, these other incidental errors growing out of the two main ones should likewise be corrected.

Therefore, the case will be remanded to the lower court for the purpose of having the proportionate interests of the respective owners in indivision of the property fixed and recognized in accordance with our findings herein and the family tree showing all of the heirs who have an interest in the property, as well as the acts of transfers to the respective transferees.

The plaintiffs and the interveners and the Belle Isle Corporation, one of the defendants, filed a joint motion asking that the appeal be dismissed insofar as it affects the Belle Isle Corporation and no further, on the ground that the plaintiffs and the interveners and the defendant, Belle Isle Corporation, compromised their rights in this litigation. The Court has entered the proper order on this motion.

For the reasons assigned, it is ordered, adjudged and decreed that the judgment of the district court is amended by decreeing:

That the heirs of David Todd and their transferees are the owners, in their proper proportions, of an undivided one-half of an undivided one-twelfth interest in the entire property, and

That the heirs of Branch K. Miller and their transferees are the owners, in their proper proportions, of an undivided one-half of an undivided one-twelfth interest in the entire property, and

That the heirs of Mrs. Branch K. Miller and the heirs of Adrien Gonsoulin and their respective transferees are the owners, in their proper proportions, of an undivided two-thirds interest in the land, only insofar as the parties who were the plaintiffs in the Gravet and Vuillemot cases, or their transferees, are concerned and no further, and

That any other part of the judgment and the decree of the district court insofar as it adversely affects the rights of Miss Alice Miller and Mrs. Edith Dufour, defendants, or their transferees, with reference to the above recognized proportionate undivided interests, is likewise amended so as to grant unto these defendants, or their transferees, their proper proportionate interests in the land; and

That the case be and the same is hereby remanded to the district court for the purpose of naming and recognizing the respective co-owners of the tract of land and declaring and recognizing their proper proportionate interests, in accordance with the views herein expressed and the family tree showing all of the heirs who have an interest in the property, as well as the acts of transfer to the different transferees who have an interest in the land; and

That in all other respects the judgment is affirmed.

The costs of this appeal are to be paid by the appellants; the costs of the district court are to be paid by all the defendants, as decreed by the lower court.

O'NIELL, C. J., recused.