ODOM, Justice.
 

 The issues involved in these applications for writs are identical, and we shall •dispose of them in one opinion.
 

 This is a suit to partition by licitation the tract of land, containing 1,218.75 acres, involved in the suit of Buillard et al. v. Davis et al. All of the facts, details, circumstances, and conditions connected with, and involved in, the litigation over the title .and ownership of this tract of land are set ■out in our opinions reported in Builliard v. Davis 185 La. 255, 169 So. 78; Id., 188 La. 38, 175 So. 742; and, Id., 195 La. 684, 197 So. 273.
 

 Plaintiffs, numbering more than 600, alleged that they and numerous other individuals owned in indivisión the tract of land involved; that plaintiffs are unwilling to remain any longer as owners in indivisión of the property and desire a partition thereof; that the property, consisting of marsh land, on account of its shape, location, and the proportions in which it is owned, cannot be divided in kind without a diminution of its value and loss or inconvenience to the owners, and therefore should be sold to effect a partition.
 

 There is nothing in plaintiffs’ original petition to show or even indicate what fractional or proportional interests they own in the tract of land, nor is there anything to indicate what interest the named defendants own. Furthermore, there is nothing in the petition to show that the named plaintiffs and defendants own the entire interest in the land. To the contrary, plaintiffs’ allegations indicate that there may be various and sundry persons who own interests in the land whose names are not mentioned either as plaintiffs or as defendants.
 

 But plaintiffs make special reference to a judgment rendered in the District Court of St. Mary Parish on' December 8, 1938, and signed on January 12, 1939, in a suit No. 17,697, “which Judgment is hereby made a part of this petition to the same extent and with the same effect (subject to the appeal taken therefrom by your petitioners) as if copied herein in extenso”.
 

 The suit No. 17,697, to which plaintiffs refer, was a petitory action involving this same property, in which there was judgment recognizing that the heirs of certain named individuals own interests in the property, according to a family tree.
 

 In plaintiffs’ first supplemental and amended petition, they again refer to that judgment, and pray for judgment “ * * * recognizing your petitioners as co-owners
 
 *480
 
 in indivisión of the property described in Paragraph X of this petition, and in the proportions set out and stated in the agreement of counsel in the statement of the virile charges [shares] as per judgment of this court [referring to the district court] rendered on December 8th., 1938 and signed on Jany. 12th., 1939 in the case of Buillard et al. v. Davis et al.”
 

 In plaintiffs’ third supplemental petition, they alleged that they had “continued to diligently use all efforts to obtain all the names, addresses or residences of all the co-owners” of the property sought to be partitioned, and that “the following named persons either have or may have an interest in the said property and as such are co-owners in indivisión therein”, and certain individuals were named.
 

 As we have stated, plaintiffs do not state what fractional or proportional interest they own in the property and say nothing about what interest therein is owned by the named defendants, nor do they pray that the court recognize them as owners and fix their fractional or proportional interest in the property in the partition proceeding. But for the purpose of the partition suit, in so far as the ownership in the property of all plaintiffs and defendants is concerned, they refer to, and make a part of their suit for partition, the judgment of the district court rendered in suit No. 17,697, “subject to the appeal taken therefrom by your petitioners”.
 

 Manifestly the judgment of the district court to which plaintiffs refer cannot serve as a basis for the partition proceeding in so far as the .ownership of the property and the fractional interests therein owned by the various individuals are concerned, for the reason that the judgment in certain respects was set aside by this court on appeal, and the case was “ * * * remanded to the district court for the purpose of naming and recognizing the respective co-owners of the tract of land and declaring and recognizing their proper proportionate interests, in accordance with the views herein expressed - and the family tree showing all of the heirs who have an interest in the property, as well as the acts of transfer to the different transferees who have an interest in the land.” See 195 La. 684, 197 So. 273, 277.
 

 The relators in the two applications made to this court for writs filed exceptions of nonjoinder of parties defendant, misjoinder of parties plaintiff, lis pendens, and prematurity of action. Each of these exceptions was overruled by the trial judge. A number of the persons named as plaintiffs in the partition suit came into court and repudiated the authority of counsel to bring the suit in their names, specifically alleging that they were opposed to the partition suit, that they had protested against the filing of the same, and asked that the suit be dismissed in so far as they were concerned.
 

 In view of the facts and circumstances stated above, the suit to partition the property is premature. Counsel for plaintiffs and the judge have ignored entirely our decree remanding the case for the purposes clearly stated. The suit of Buillard et al. v. Davis et al., No. 17,697, is still pending in the district court. That
 
 *482
 
 was a petitory action, one of the contested issues being the question as to what individuals owned the - land and what proportional or fractional interest each owned. This issue was decided by the trial court. But the case was brought up to this court by appeal, appellants contending that the ruling of the trial judge recognizing that certain individuals owned certain proportional interests in the property was erroneous. We thought so, and remanded the case; so that the vital question of ownership has not been determined.
 

 Ownership is the basis of an action of partition, and to support the action a plaintiff must allege and prove his own title, must cite and bring into court all adverse claimants, and the court must determine definitely the respective interests of the plaintiff and of the adverse parties. Bickham v. Pitts, 185 La. 930, 171 So. 80; Wetherbee v. Lodwick Lumber Co., 194 La. 352, 193 So. 671; Amerada Petroleum Corp. v. Reese et al., 195 La. 359, 196 So. 558. In the last case, we held that all of the co-heirs or co-owners in indivisión of the property to be partitioned must be made parties to the proceeding in such action, and that the failure to make any one of them a party to the suit vitiates the partition as to all. In support of that ruling we cited innumerable cases.
 

 ' Our ruling in the case of Buillard v. Davis, 195 La. 684, 197 So. 273, shows that we recognized the uncertainty as to the interest in the property owned by the alleged heirs and other parties to the suit, and it was for that reason that we remanded the case. We directed that the district court determine that question. The court has not complied with our order, and for that reason, and under the existing circumstances, we find it necessary to exercise our supervisory powers and to prohibit the judge of the^ District Court of St. Mary Parish from entertaining this suit for partition.
 

 For the reasons assigned, the preliminary writs of prohibition issued on May 2, 1941, are now made peremptory, and accordingly the Honorable James D. Simon, judge of the Sixteenth Judicial District Court of the Parish of St. Mary, is prohibited from proceeding further with the partition suit styled “Robert Broussard, et al. v. Elizabeth Roth Allen, et al.”, No. 19,339 on the docket of his court, until such time as he shall have rendered judgment, and the same has become final, in the suit of Buillard et al. v. Davis et al., No. 17,697, as directed by this court in its decree remanding the case (see Buillard v. Davis, 195 La. 684, 197 So. 273), and is hereby prohibited from proceeding further with said partition suit until all of the co-owners of the property, together with their fractional or proportional interests therein, shall have been recognized in a judgment to be rendered in suit No. 17,697 and properly made parties plaintiff or defendant.
 

 O’NIELL, C. J., is recused.