PONDER, Justice.
 

 The plaintiffs have appealed from a judgment of the district court in a petitory action fixing the proportionate interests of the respective coowners in a tract of approximately 1,218.75 acres of land situated in St. Mary Parish.
 

 We have entertained appeals in this suit on three different occasions. See: Buillard v. Davis, 185 La. 255, 169 So. 78; Id., 188 La. 38, 175 So. 742; and Id., 195 La. 684, 197 So. 273.
 

 The appellants, on this appeal, are seeking to be decreed the owners of a certain undivided interest in 1,218.75 'acres of land. On a previous appeal, the appellants sought to have this undivided interest in the lands to be decreed their property and not the property of the defendants. See: 185 La. 255, 169 So. 78. It was held therein that the parties plaintiff in this suit who were' also parties plaintiff in the cases of Gravet v. Gonsoulin et al., 10 La.App. 553, 119 So. 785, 120 So. 643, and Vuillemot v. Gonsulin, 17 La.App. 661, 134 So. 419, were estopped from asserting a claim to this undivided interest in the lands. We reiterated this holding in our decree reported in 188 La. 38, 175 So. 742, when we entertained another appeal in this case, wherein it was stated to the effect that our former decree relating to the plea of estoppel was that the parties plaintiff in this suit who were parties plaintiff in the two Court of Appeal cases were estopped from asserting a claim to this undivided interest.
 

 The appellants are now contending that they were not plaintiffs in the Gravet and Vuillemot suits, supra. The Vuillemot suit, supra, was not instituted by the appellants, but they filed, pleadings therein, urging exceptions, a plea of res adjudicata, and a plea of estoppel as a bar to the defendants’ claim to this undivided interest in the lands. The appellants designated themselves in the pleadings as exceptors and plaintiffs. They prayed for the pleas to be maintained, and for such further orders and decrees necessary in the premises, and for general and equitable relief.
 

 An intervention under Article 389 of the Code of Practice is defined as follows: “An intervention or interpleader is a demand by which a third person requires to be permitted to become a party in a suit between other persons; by joining the plaintiff jn claiming the. same thing, or
 
 *119
 
 something connected with it, or by uniting with the defendant in resisting the claims of the plaintiff, or, where his interest requires '•it, by opposing both.”
 

 Under the provisions of Article 390 of the Code of Practice, the right to intervene is dependent upon whether or not the intervenor has “an interest in the success of either of the parties to the suit, or an interest opposed to both.”
 

 The pleadings filed by the appellants in the Vuillemot case were definitely opposed to the defendants. They were not opposed to the plaintiffs, but on the contrary, the appellants aligned themselves with the originally named plaintiffs in an attempt to defeat the defendants’ claim to this same undivided interest in the lands. The • appellants designated themselves, therein, as exceptors and plaintiffs. They joined together with the other plaintiffs with the view of recovering an interest in their common ancestor’s' estate which the defendants claim to own. Moreover when we entertained the third appeal in this case, wherein the present appellants and the plaintiffs were the appellants, we specifically decreed the defendants to be the owners of this same undivided interest in the estate. See: 195 La. 684, 197 So. 273.
 

 The appellants further contend, in event they are decreed to have been plaintiffs in the Vuillemot suit, that the appellees are estopped by previous decrees in this case, which have become final, from urging this point. Counsel for the appellants states that after the court remanded this case to the district court under the decree reported in the 185 La. 255, 169 So. 78, that the attorneys for the defendants brought a rule against Mrs. Dorcianne Gonsoulin Gravet, plaintiff in the Gravet suit, and the 24 individuals who were named as plaintiffs in the original petition in the Vuillemot suit, to eliminate them from the case,, wherein the present appellants were not mentioned, which rule was made absolute by judgment of the district court and affirmed by this court in the opinion reported in the 188 La. 38, 175 So. 742. It is. stated that the appellants were not mentioned in the rule or in the judgment on. the rule, but they went ahead and made out their ownership with a tacit acquiescence and approval of the defendants. It is. also stated that the district judge, in pursuance to the decree of this court, reported in the 188 La. 38, 175 So. 742, proceeded to render a judgment naming the heirs, who were entitled to ownership in the land and those who were barred by reason of the Gravet and Vuillemot suits, wherein the appellants’ ownership of the undivided interest was recognized. The appellants take the position that the defendants, when that appeal was entertained, made no complaint about that part of the judgment which recognized them as owners of this interest in the estate.
 

 We see no merit in this contention, for the reason that the appellants who are plaintiffs in this suit were also appellants, in the appeal passed on by us in this case reported in the 195 La. 684, 197 So. 273, wherein we specifically decreed the defendants to be the owners of this undivided interest in the estate and remanded the case to the district court for the purpose
 
 *121
 
 of naming and recognizing the respective coowners of the entire tract of land, and declaring and recognizing the proper and proportional interests in accordance with the views therein expressed. The lower court in the judgment now appealed from has recognized the defendants as the owners of this undivided interest in compliance with our decree.
 

 For the reasons assigned, the judgment is affirmed.
 

 O’NIELL, C. J., is recused.