36 So.3d 1218 (2010)
Eric VON DRAKE, Plaintiff-Appellant
v.
Edgar Lynn ROGERS, Defendant-Appellee.
No. 45,305-CA.
Court of Appeal of Louisiana, Second Circuit.
May 19, 2010.
Rehearing Denied June 17, 2010.
*1219 Cook, Yancey, King & Galloway, by W. Lake Hearne, for Appellant.
Angela R. Rogers, for Appellee.
Edgar Lynn Rogers, In Proper Person.
Before BROWN, STEWART and CARAWAY, JJ.
CARAWAY, J.
This is an appeal from a judgment of the city court which dismissed the plaintiff's claim on the court's sua sponte peremptory exception. The parties are co-owners of residential property and their multiple disputes have raised claims for an accounting over property-related obligations and for partition in both city court and the First Judicial District Court. The city court in this proceeding recognized that a prior final judgment in district court required dismissal of the action. Finding that such ruling is correct under our principles for res judicata, we affirm.

Facts and Procedural History
This is a longstanding dispute between two brothers over real estate in Shreveport. The property includes a family home which was previously owned by three brothers, Eric Von Drake ("Eric"), Edgar Rogers ("Edgar") and Homer Rogers. Edgar acquired Homer's interest and became a two-thirds interest co-owner in the property. Edgar, along with his wife and son, have resided in the home.
The instant controversy actually involves two related actions which were acknowledged by the city court judge in rendering the present judgment. This suit was filed by Eric on September 22, 2006, in Shreveport City Court, naming Edgar and his wife, Angela, as defendants. The petition alleged that Eric was refused occupancy of the co-owned property and was thus entitled to his share of the fair market rental value of the property. On November 15, 2007, after a trial on the merits, the city court rendered judgment in favor of defendants, dismissing Eric's claim. Eric took a devolutive appeal of the judgment to this court on December 21, 2007.
As these actions in the city court were occurring, however, on September 14, 2007, Edgar filed a second action in the First Judicial District Court in Shreveport, petitioning for a partition of the property (hereinafter the "District Court Action"). Much of the record of the District Court Action is now contained in this record.
A trial in the District Court Action was held on September 8, 2008, and the judgment, signed on September 17, 2008, first decreed full ownership of the property in Edgar. The judgment then states:
Inasmuch as defendant Eric Von Drake a/k/a David Wayne Rogers has failed to pay any portion of taxes in previous years, and to the extent the amount due plaintiff exceeds the original percentage of ownership of defendant Edgar Lynn Rogers but noting the "forgiveness" of any debt over and above the ownership value:

*1220 IT IS ORDERED, ADJUDGED AND DECREED that any further monetary amount requested by plaintiff Edgar Lynn Rogers against defendant Eric Von Drake a/k/a David Wayne Rogers is denied such that, from the date of this judgment, neither party owes the other any monetary amount (emphasis ours).
We additionally note the following oral reasons given by the trial judge at the partition hearing:
Based on the evidence presented that the Court will grant judgment in favor of Edgar Lynn Rogers plaintiff in this matter and against Eric Von Drake also known as David Wayne Rogers. I'm not going to consider the funeral expenses and medical bills and all that as an offset. However, I doI will consider and factor into the damage that's been described as well as all property taxes[1] which I think more than sufficiently offsets the amount of $2,600, that value being one third of $7,800.[2] So Mr. Rogers' testimony that he would forgive that debt, any remaining debt, I believe allows him to be deemed to be the 100 percent owner of the property at issue.
Although this unusual partition ruling in the District Court Action effectively vested full ownership in one co-owner without an actual public sale, the judgment itself was never effectively challenged by Eric. After delays for appeal had run, Eric's motion for appeal from the District Court Action was dismissed with prejudice on May 18, 2009. The partition judgment of the District Court Action is now final.
By October of 2008, Eric's first appeal concerning the city court's dismissal of his rental claims in this action was decided by this court. Von Drake v. Rogers, 43, 546 (La.App.2d Cir.10/8/08), 996 So.2d 608 (hereinafter "Von Drake I"). This court's opinion reflects no knowledge of the finality of the partition judgment of the District Court Action, which had been rendered in the preceding month. Our opinion in Von Drake I reversed the city court's ruling and remanded the case back to city court for determination of Eric's share of the fair rental value of the home from the date of judicial demand of this city court proceeding.
On remand, the city court took judicial notice of the district court's final judgment of partition and thereby recognized that plaintiff, Eric, had no ownership interest in the property. The court thereafter supplied its own exception of no cause of action, stating that the law affords no action for a non-owner to claim fair rental value of the property. The court, "out of an abundance of caution," held a hearing on September 10, 2009, which it limited to a determination of the fair rental value, as directed by this court in Von Drake I. After this hearing, the court signed a judgment on September 11, 2009, sustaining its own exception of no cause of action and further determining the fair rental value of the home during the pertinent time period to be $2,968.75.
Eric now appeals, asserting that the city court's sua sponte exception of no cause of action was improper and further that the judgment was ambiguous in that it did not *1221 actually award the rental amount to Eric, nor specify that this amount was one-third of the total fair rental value.

Discussion
The city court's consideration of the judgment in the District Court Action and its noticing on its own motion the peremptory effect of that prior judgment find support in La. C.C.P. art. 927(B) which provides, in pertinent part:
The nonjoinder of a party, peremption, res judicata, the failure to disclose a cause of action or a right or interest in the plaintiff to institute the suit, or discharge in bankruptcy, may be noticed by either the trial or appellate court on its own motion.
Although the city court voiced the exception as a determination of no cause of action, we will review its ruling under the principles of res judicata since it concerns the legal effect of a prior judgment.
The law of res judicata in Louisiana is set forth in La. R.S. 13:4231 provides as follows:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
Based on the language of the above statute, as enacted in 1990, the following five elements must be satisfied for a finding that a second action is precluded by res judicata: "(1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation." Chevron U.S.A. v. State, 07-2469 (La.9/8/08), 993 So.2d 187, citing, Burguieres v. Pollingue, 02-1385 (La.2/25/03), 843 So.2d 1049; Jones v. Bethard, 39,575 (La. App.2d Cir.4/13/05), 900 So.2d 1081, writ denied, 05-1519 (La.12/16/05), 917 So.2d 1115.
For res judicata purposes, a "valid judgment" is one rendered by a court with jurisdiction over both the subject matter and the parties after proper notice was given. Wooley v. State Farm Fire and Cas. Ins. Co., 04-882 (La.1/19/05), 893 So.2d 746. Under La. C.C.P. art. 1841, a final judgment is one that determines the merits in whole or in part. A judgment that only determines preliminary matters in the course of an action is an interlocutory judgment.
The comments to La. R.S. 13:4231 describe the central inquiry under the statute as not whether the second action is based on the same cause or causes of action, but whether the second action asserts a cause of action which arises out of the transaction or occurrence which was the subject matter of the first action. See comment (a) to La. R.S. 13:4231; Bond v. Bond, 37,264 (La.App.2d Cir.6/25/03), 850 So.2d 1001, writ denied, 03-2602 *1222 (La.12/12/03), 860 So.2d 1156. The comments go on to explain:
For purposes of res judicata it would not matter whether the cause of action asserted in the second action was the same as that asserted in the first or different as long as it arose out of the transaction or occurrence that was the subject matter of the first action.
Partition suits are governed by Title VII, "Ownership in Indivision," of the Louisiana Civil Code and Title IX, "Partition Between Co-owners," of the Louisiana Code of Civil Procedure. Like the titles of the codal provisions pertaining to partitions suggest, co-ownership is the basis of an action for partition. See also, Norah v. Crawford, 218 La. 433, 49 So.2d 751 (1950); Broussard v. Allen, 198 La. 475, 3 So.2d 742 (1941).
A settlement of accounts between co-owners is incidental to an action for partition. Succession of Porche, 187 La. 1069, 175 So. 670 (1937); cf. La. C.C. arts. 798, 799 and 806. Such accounting between co-owners is also highlighted in La. C.C.P. art. 4626, which provides:
A judgment ordering the public sale of property to effect a partition under the provisions of this Chapter shall order, out of the proceeds of such sale:
(1) The reimbursement of a co-owner of the amount proven to be due him for the payment of taxes on the property, and the expenses of preservation thereof; and
(2) The payment to a co-owner of the amount proven to be due him by another co-owner who has received and retained the fruits and revenues of the property.
Although this procedural article concerns the context of absentee co-owners where a petition for licitation is mandated, the article recognizes and requires that an accounting for all taxes and "fruits and revenues" of the property shall be ordered in effectuating the partition.
Even before 1990, under Louisiana's prior narrow interpretation of res judicata, the preclusion doctrine applied more broadly to actions for ownership of immovable property, predicated upon the necessity of protecting and insuring stability and security of title. Ryan v. Grandison Trust, 504 So.2d 844 (La.1987); Mitchell v. Bertolla, 340 So.2d 287 (La.1976); Brown Land & Royalty Co. v. Pickett, 226 La. 88, 75 So.2d 18 (1954). Thus, the Louisiana Supreme Court in Ward v. Pennington, 523 So.2d 1286 (La.1988), recognized that when a claim to ownership is rejected in a first action and that judgment acquires the authority of the thing adjudged, a second action cannot thereafter be brought for the ancillary right to an accounting for the revenues attributable to that adjudged ownership. Accordingly, it was held that "an accounting for the revenues attributable to that ownership is barred by res judicata." Id.
Following the 1990 revision of our res judicata law, a broad interpretation has been afforded the phrase "transaction or occurrence" so as to encompass the parties' disputes involving rights to property. In Floyd v. City of Bossier City, 38,187 (La.App.2d Cir.3/5/04), 867 So.2d 993, a first action was brought by landowners, challenging the validity of a city ordinance, in an attempt to redeem their property after it was seized by the city for nonpayment of taxes. The landowners, who were unsuccessful in the first suit, filed a second action against the city for pecuniary damages for the alleged wrongful refusal of the city to allow the property's redemption. Despite the fact that the landowners sought ownership in the first suit and demanded money damages in the second, the court found that "because the subject matter of both lawsuits fundamentally concerns the parties' right to the property, the final judgment in the first action precluded *1223 any future claims by the [landowners] to the property." Id.
This proceeding and the District Court Action were pending between these parties simultaneously in two courts. To the extent that these suits involved the "same transaction or occurrence," the first final judgment rendered would be conclusive. La. C.C.P. art. 531. In this case, the first judgment rendered from these two actions was the September 17, 2008 partition judgment from the District Court Action. At that time, Eric's first appeal in the present action was pending and the status of the appeal concerned the initial city court judgment dismissing his rental claim. Even with our later ruling in Von Drake I, the case was remanded to city court with no final judgment having been rendered.
With the September 2008 partition judgment being the first valid and final judgment rendered between these parties, the question presented under our res judicata law is whether the causes of action asserted in both actions concerned the same transaction or occurrence.
The District Court Action concerned the co-ownership relationship between the parties. Edgar sought two remedies in the action. The first was to end the parties' co-ownership by partition. The second involved certain accounting claims by Edgar against his co-owner, Eric, including the taxes previously paid by Edgar. Eric was not without recourse in the District Court Action regarding his own accounting claims which, under La. C.C.P. art. 1061, could be made as a reconventional demand and were required as a compulsory counterclaim to the extent that the rent claim arose out of the "same transaction or occurrence" that was the subject matter of Edgar's action. The judgment in the District Court Action which ended the co-ownership relationship also expressly recognized that "from the date of this judgment, neither party owes the other any monetary amount."
Co-ownership was also the basis of Eric's claim for fair rental value. In his original city court petition, Eric purports to establish entitlement to rent through his status as a co-owner of the property:
Plaintiff is the owner of an undivided 1/3 interest in the property located at 927 Madison Avenue, Shreveport, Caddo Parish, Louisiana, and defendant is the owner of the remaining undivided 2/3 interest in said property.
* * * * *
Defendant has refused to allow plaintiff to occupy or use the co-owned property... (emphasis ours).
As determined in Von Drake I, Eric's rental claim was allowable under La. C.C. art. 802, which prohibits a co-owner from preventing another co-owner from using the property held in indivision.
In both actions, the "transaction or occurrence" upon which the parties' claims rest is their co-ownership relationship. That relationship gave rise by operation of law to the monetary obligations each sought to enforce against the other. Their causes of action arose from this legal regime, which falls within the broad meaning of "transaction or occurrence." Accordingly, we find that the same transaction or occurrence was involved in both actions. Therefore, the first judgment obtained in the District Court Action adjudicated the matter, and res judicata under our law applies.

Conclusion
The city court's dismissal of this action on peremptory grounds is affirmed for the reasons set forth above. Costs of appeal are assessed to appellant.
AFFIRMED.
*1224 APPLICATION FOR REHEARING
Before BROWN, WILLIAMS, STEWART, CARAWAY and DREW, JJ.
Rehearing denied.
NOTES
[1] It was shown at the hearing that Eric damaged the front door screen and cut a hole in the outside wall to a rear room in the house. Demolition of the rear room was required at a cost of approximately $1,700. Additionally, Edgar paid Eric's portion, or $626.45, for taxes owing on the home.
[2] The following is provided for in the trial court's reasons for final judgment: "This subject property has a municipal address of 927 Madison Avenue, Shreveport Louisiana and has an appraised value of about $7,800. (See exhibit of November 15, 2007, signed by appraiser Richard Smith)."